## 59497. HENRY v. THE STATE.

MCMURRAY, Presiding Judge.

Defendant was indicted, tried, and convicted of child molestation. He was sentenced to a term of 10 years (5 years to serve and the balance on probation). A motion for new trial was filed, amended, heard, and denied. Defendant appeals. *Held:*

1. When an indictment charges a crime was committed in more than one way, proof that it was committed in one of the separate ways or methods alleged in the indictment makes a prima facie case for jury determination as to guilt or innocence. See *Jones v. State,* 75 Ga. App. 610 (4), 615 (44 SE2d 174); *Leverenz v. State,* 140 Ga. App. 632, 634 (231 SE2d 513). Inasmuch as the evidence showed the defendant had molested the child in one of the ways alleged, a directed verdict of acquittal was not proper, and the court did not err in denying same. Compare *Dobbs v. State,* 235 Ga. 800, 801 (3), 802 (221 SE2d 576).

2. After a careful review of the trial transcript and record, we find, and so hold, that a rational trier of fact (the jury here) could readily have found the defendant guilty beyond a reasonable doubt of the offense of child molestation. See *Payne v. State,* 151 Ga. App. 165, 166 (259 SE2d 168); *Whatley v. State,* 151 Ga. App. 174, 175 (259 SE2d 175).

3. "When, in a legal investigation, . . . conversations . . . and similar evidence are facts to explain conduct and ascertain motives, they shall be admitted in evidence, not as hearsay, but as original evidence." Code § 38-302. See *Tanner v. State,* 228 Ga. 829, 830 (3) (188 SE2d 512); *Bell v. State,* 141 Ga. App. 277 (2) (233 SE2d 253); *Arnold v. State,* 236 Ga. 534, 537 (5) (224 SE2d 386); *Kelly v. State,* 82 Ga. 441 (3), 444 (9 SE 171).

Here, under the guise of original evidence, conversations between the parents of the child victim were allowed in evidence over objection as well as what the child had told her mother. Clearly such conversations must be admitted to explain conduct and not as mere heresay. See *Arnold v. State,* 236 Ga. 534, 536-537, supra; *English v. State,* 234 Ga. 602, 605 (216 SE2d 851).

However, in the recent case of *Johnson v. State,* 238 Ga. 59, 61 (230 SE2d 869), the Supreme Court adopted the standard for weighing nonconstitutional errors known as the "highly probable test" with reference to what makes error harmless or harmful. Thus, if hearsay has no probative value and the same evidence as that contended in the hearsay is before the court, our Supreme Court, in examining the "highly probable test" would apparently hold that the allowance of such hearsay would be harmless, although in that case (*Johnson v. State,* 238 Ga. 59, 60, supra), that court held the hearsay statements to the prosecutor repeated in his argument were highly improper, prejudicial and harmful. See also in this connection *Arnold v. State,* 236 Ga. 534, 537, supra. But in *Stamper v. State,* 235 Ga. 165, 169 (219 SE2d 140), the Supreme Court found the hearsay statements to be highly prejudicial and reversed in that it was harmful error, citing in comparison *Woolfolk v. State,* 81 Ga. 551, 552 (3), 557-558 (8 SE 724);and *Tiget v. State,* 110 Ga. 244 (1) (34 SE 1023).

This court, however, in *Bell v. State,* 141 Ga. App. 277 (2), supra, has held that if the court admits the testimony "solely for the purpose of explaining the officer's course of conduct, and carefully instructed the jury on the nature of the testimony and its limited purpose," such testimony is not erroneous even if it may be hearsay. See *Lloyd v. State,* 139 Ga. App. 625 (2), 626 (229 SE2d 106); *Braden v. State,* 135 Ga. App. 827, 829 (3), 830 (219 SE2d 479). This case also holds that the testimony was not damaging to the defendant. Again, in *Williams v. State,* 144 Ga. App. 130, 131 (1), 132 (240 SE2d 890), the statement of a child to its mother in a somewhat similar case (cruelty to children) was held not a part of the res gestae, therefore hearsay, "and because it was extremely inculpatory of defendant, it was error to admit the statement." However, in Division 2 of that opinion this court determined that if there were other legally admissible evidence of the same facts, this rendered harmless the admission of the incompetent evidence, citing *Robinson v. State,* 229 Ga. 14 (1), 15, 16 (189 SE2d 53). The court also stated that if such evidence is cumulative and not essential to the state's case, it could not have materially affected the verdict, citing *Glass v. State,* 235 Ga. 17, 19 (2) (218 SE2d 776). This court

. also cited *Johnson v. State,* 238 Ga. 59, 61, supra, as to the "highly probable" test; hence, "the error did not contribute to the judgment." In the case sub judice the allowing of the hearsay evidence, over repeated objections of the defendant, was harmless error as this evidence was cumulative, not essential to the state's case and could not have materially affected the verdict and contributed to the judgment as there was ample evidence to authorize the jury verdict. The enumeration of error complaining of the special grounds of the motion for new trial dealing with the same subject matter (hearsay testimony) was not meritorious.

*Judgment affirmed. Smith and Banke, JJ., concur.*

ARGUED FEBRUARY 5, 1980 — DECIDED MARCH 21, 1980 —

*John R. Rogers,* for appellant.
*Thomas H. Pittman, District Attorney,* for appellee.