68026. HUNTER v. THE STATE.

McMURRAY, Chief Judge.

Defendant was convicted of the offense of rape. Following the denial of his motion for new trial he appeals. *Held*:

1. The first enumeration of error contends the trial court erred in refusing to allow defense counsel "to ask the entire panel of prospective jurors if any of them had an opinion as to whether sex offenses were being handled adequately by the courts." There is no merit in this complaint. The law is clear in this state that the voir dire provided by OCGA § 15-12-133 is not unlimited in scope. See *Hart v. State*, 137 Ga. App. 644 (1) (224 SE2d 755); *Merrill v. State*, 130 Ga. App. 745, 750 (3) (c) (204 SE2d 632). Counsel attempted here to question the panel with reference to the issue of punishment or final resolution by the courts in general, and this was an improper consideration for the jurors who potentially were merely to decide on the guilt or innocence of the defendant.

2. The remaining enumeration of error contends the trial court erred in ruling that testimony about a prior photograph would open the door for further explanation of the circumstances surrounding the making of it. The state had introduced into evidence a photograph taken of the defendant in 1979, which photograph was used to identify the defendant by the rape victim in a display of photographs to her. Defendant had offered an exhibit showing the defendant as he looked shortly after his arrest in the case sub judice. The defendant sought a ruling from the court with reference to testimony by him to explain the alleged difference in his facial appearance. The trial court ruled that any testimony regarding when the photograph was made would open the door for the district attorney to question him about

the fact that it was taken when he was previously under arrest in another case. Whereupon, counsel for defendant did not pursue the matter stating merely that he would "let it ride." Therefore, no objection was made and no exception was taken to the ruling by the trial court. Clearly, the court's ruling was that if the defendant testified that the photograph was made in 1979 in a previous case the prosecution could go into the matter even if the defendant was put up for the limited purpose of testifying as to the time when it was made. The defendant did not offer any evidence, and we find no offer of testimony with reference to the photograph so as to show any reversible error in the ruling by the trial court. The testimony that a photograph is a "mug shot" from the files of the police department does not put the defendant's character in issue. See *Gravitt v. State*, 239 Ga. 709, 712 (5) (239 SE2d 149); *Fleming v. State*, 236 Ga. 434, 439 (224 SE2d 15); *Woodard v. State*, 234 Ga. 901, 902 (2) (218 SE2d 629). The defense elected not to pursue this issue, and we view same as being merely a tactical matter in which no error has been committed. We find no merit in this complaint.

*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED MARCH 16, 1984.

*William C. Puckett, Jr.,* for appellant.
*Robert E. Wilson, District Attorney, Susan Brooks, James Richter, Assistant District Attorneys,* for appellee.