### 71735. CASTILLO v. THE STATE.
(342 SE2d 782)

CARLEY, Judge.

Appellant was found guilty by a jury of child molestation and appeals from the judgment of conviction and sentence entered on the verdict.

1. Appellant contends that the trial court erred in denying his motion for a directed verdict of acquittal, as there existed an alleged variance between the allegations of the indictment and the proof at trial. The indictment alleged that appellant committed child molestation "by placing his hands into the panties of the victim and touching her sex organ *and* making said victim touch his sex organ. . . ." (Emphasis supplied.) At trial, evidence was presented of the former act, but not of the latter. "When an indictment charges a crime was committed in more than one way, proof that it was committed in one of the separate ways or methods alleged in the indictment makes a prima facie case for jury determination as to guilt or innocence. [Cits.] Inasmuch as the evidence showed the defendant had molested the child in one of the ways alleged, a directed verdict of acquittal was not proper, and the court did not err in denying same. [Cit.]" *Henry v. State*, 154 Ga. App. 120 (1) (267 SE2d 653) (1980).

2. Appellant enumerates the general grounds. "After the jury has returned a verdict of guilty, where the defendant seeks a reversal of his conviction on appeal by . . . asserting the insufficiency of the evidence, the only question presenting itself to the appellate court is whether there is sufficient evidence to satisfy a rational trier of fact of the essential elements of the crime charged beyond reasonable doubt. [Cit.]" *Hudgins v. State*, 159 Ga. App. 723, 724 (285 SE2d 73) (1981). The alleged victim testified in detail as to what occurred. The act she attributed to appellant did in fact constitute molestation. A rational trier of fact could have found from this evidence and the other evidence adduced at trial proof of appellant's guilt beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

3. Appellant asserts that the trial court erred in expressing opinions on the credibility of the alleged victim. At trial, however, appellant did not object or move for a mistrial. "Whenever improper con-

duct allegedly occurs in the presence of the jury, ' "it is necessary in order to make the same a basis for review, that . . . counsel make proper objection to it at the time made or invoke some ruling or instruction from the court . . . and if the court refuses to grant that remedy to the movant, then it is incumbent upon him to ask the court to declare a mistrial." "A party cannot during the trial ignore what he thinks to be an injustice, take his chance on a favorable verdict, and complain later." [Cit.]' [Cit.]" *Edwards v. State*, 171 Ga. App. 264, 265 (2) (319 SE2d 101) (1984). The question of whether the trial court improperly expressed its opinion as to the credibility of a witness is not reached in the absence of an objection or motion for mistrial. *State v. Griffin*, 240 Ga. 470 (241 SE2d 230) (1978). Accordingly, this enumeration presents no issue for review on appeal.

4. Appellant contends that the trial court erred in failing to strike the testimony of one witness and in allowing the alleged victim to testify, because both were incompetent to testify. During the cross-examination of the seventeen-year-old sister of the alleged victim, appellant's attorney questioned her regarding her understanding of the nature of the oath. The trial court examined her further, and ruled her competent to testify. Appellant's attorney made no objection to the ruling and continued his examination of the witness. Next, the eight-year-old alleged victim took the stand. The trial court examined her to determine her competency to testify and ruled that she was competent. Appellant then objected to that ruling and also moved to strike the testimony of the seventeen-year-old witness.

" 'Where the trial judge examines a child as to its understanding of the nature of an oath, as was done in the instant case, and determines the child is competent to testify, the court's discretion, absent manifest abuse, will not be interfered with by this court. [Cits.] The determining factor in deciding competency of a child witness is not age, but the child's ability to understand the nature of an oath. [Cit.] It is not necessary that the child be able to define the meaning of an oath, but that she know and appreciate the fact that as a witness she assumes a solid and binding obligation to tell the truth when questioned at trial. [Cit.]' [Cit.] While the answers of the child in the instant case were not always fully responsive or consistent, '[i]nconsistency in a child's testimony does not render her incompetent to testify. [Cits.] . . .' [Cit.]" *Chadwick v. State*, 176 Ga. App. 296, 299 (335 SE2d 674) (1985), aff'd 255 Ga. 376 (339 SE2d 717) (1986). The trial court was authorized to find the witness competent. *Smith v. State*, 247 Ga. 511 (277 SE2d 53) (1981). Moreover, by failing to object in a timely manner, appellant waived his right to assert error in the admission of the testimony of the seventeen-year-old. *Brannon v. State*, 176 Ga. App. 781, 782 (2) (337 SE2d 782) (1985). See OCGA § 24-9-7 (b).

5. Appellant contends that the trial court erred in sentencing him twice for the same crime, and in giving him a harsher second sentence. Appellant was initially sentenced to serve ten years on probation. As a special condition, he was to serve his probation through the Rome Diversion Center. The sentence was reduced to writing, signed by the trial court, and filed with the clerk of court. Before recessing and before appellant was released from custody, the trial court learned that the Diversion Center would not accept sex offenders. The trial court ordered appellant to be retained in custody over the weekend and to be returned to court for sentencing on Monday morning. On that day, appellant was again sentenced to ten years but with five years to be served in confinement followed by five years on probation.

"A sentence which has been reduced to writing and signed by the judge may not be increased *after the defendant has begun to serve that sentence*. [Cit.] This limitation on the court's sentencing authority stems from the double jeopardy provisions of our constitutions. [Cit.]" (Emphasis supplied.) *Curry v. State*, 248 Ga. 183, 185 (4) (281 SE2d 604) (1981). See also *Higdon v. Cooper*, 247 Ga. 746 (279 SE2d 451) (1981). However, " 'judgments of a court are within its breast until the end of the term, and the sentence may be amended at any time during the term and before execution has begun.' [Cits.]" *Schamber v. State*, 152 Ga. App. 196, 198-199 (262 SE2d 533) (1979). As appellant never began to serve the ten-year sentence on probation, the trial court did not err in modifying it within the same term. Compare *Inman v. State*, 124 Ga. App. 190 (1) (183 SE2d 413) (1971).

*Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED MARCH 18, 1986.

*Ronald G. Shedd*, for appellant.
*Stephen F. Lanier*, District Attorney, *Fred R. Simpson, Danny W. Crabbe, Deborah D. Haygood*, Assistant District Attorneys, for appellee.