76222. WILLIAMS v. THE STATE.
(370 SE2d 210)

BEASLEY, Judge.
Defendant appeals his conviction of aggravated battery, OCGA § 16-5-24, enumerating the denial of his motion for new trial on the general grounds and the court's failure to charge good character as a defense.

We note at the outset that this case, involving an incident in February 1981, has been inordinately slow in reaching this court for review. The trial, which is transcribed on 221 pages, took place in February 1982, and was followed by a motion for new trial filed a few weeks later. About the same time, defendant was released on bond. Continuances for the trial transcript culminated in its filing in November 1982, after which counsel for defendant withdrew in Decem-

ber 1984 due to conflict in interest. The state moved in May 1987 for dismissal of the new trial motion for failure of defendant to pursue it, prompting the setting of the five-year-old motion for hearing. It was denied in November 1987. Whether or not defendant was returned to custody does not appear. In any event, over seven years have elapsed, rendering the punishment remote. Speedy resolution is a constitutional requirement, Ga. Const. 1983, Art. VI, Sec. IX, Par. I, just as speedy trial is a defendant's right, Ga. Const. 1983, Art. I, Sec. I, Par. XI. See also OCGA § 15-6-21, regarding motions.

1. As to the general grounds, *Stinson v. State*, 185 Ga. App. 543, 544 (364 SE2d 910) (1988) and *Towns v. State*, 185 Ga. App. 545 (365 SE2d 137) (1988), we have examined the evidence and find it sufficient. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). The court's denial of the motion for new trial was not error.

2. Defendant did request a charge on "the following defenses . . . good character . . . ," which the court refused to give for lack of evidence raising the issue. Defendant, who shot a young man in the face with a shotgun, was asked on redirect examination: "Walter, have you ever shot anybody before?" to which he responded "No, sir." Defendant relies solely on this redirect exchange as proof of good character, although on direct examination he was asked: "Did you intend to shoot him with [the shotgun]?" and he answered: "No, sir. I didn't intend to shoot nobody. I couldn't shoot nobody. I never shot nobody."

Defendant's three-word request was not a complete and consequently not an accurate statement of the law concerning "good character." OCGA § 5-5-24 (b). For one thing, "while evidence of good character is a substantive fact, which should be considered by the jury along with other facts tending to bear on the question of guilt or innocence, evidence of good character is not a substantive defense. [Cits.]" *Edwards v. State*, 255 Ga. 149, 150 (335 SE2d 869) (1985). Thus the court was not bound to honor the request. Only exceptional cases require the charge without a request on good character, but there must be evidence to support it. *Spear v. State*, 230 Ga. 74, 76 (1) (195 SE2d 397) (1973).

Even if it had been a proper request, or the case was exceptional, it is only when a defendant has "put his character in issue" as that term is defined in the context of OCGA §§ 24-9-20 (b) and 24-2-2 that the court is required to give a charge on good character. *Spear*, supra. A defendant may, by his own testimony of good acts, provide admissible evidence of his character. *State v. Braddy*, 254 Ga. 366, 367 (330 SE2d 338) (1985). This, however, may not be sufficient to raise the issue. *Braddy*, supra; cf. *Rice v. State*, 178 Ga. App. 748, 749 (2) (344 SE2d 720) (1986). "[A] defendant does not put his 'character in issue' within the meaning of OCGA § 24-9-20 (b) by inadvertent statements

regarding his own good conduct." *Jones v. State*, 257 Ga. 753, 758 (1) (363 SE2d 529) (1988), overruling *Phillips v. State*, 254 Ga. 370 (329 SE2d 475) (1985).

Here, defendant's statement that he never shot anybody was not responsive to the direct question relating to his defenses of accident and self-defense, which the court did fully charge. The volunteered additional statement, merely repeated on redirect, was not legally sufficient to "put his character in issue." *Jones*, supra; *Spear*, supra; *Rucker v. State*, 177 Ga. App. 779, 782 (5) (341 SE2d 228) (1986).

*Judgment affirmed. Birdsong, C. J., and Banke, P. J., concur.*

DECIDED JUNE 1, 1988.

*Johnny B. Mostiler*, for appellant.

*Johnnie L. Caldwell, Jr.*, District Attorney, Ann Cobb, Assistant District Attorney, for appellee.