## A89A0545. SMITH v. THE STATE.
### (384 SE2d 451)

CARLEY, Chief Judge.

After a jury trial, appellant was found guilty of criminal damage to property, kidnapping, and possession of a firearm by a convicted felon. Pursuant to the grant of leave to file an out-of-time appeal, appellant appeals from the judgments of conviction and sentences that were entered on the jury's guilty verdicts.

1. According to the allegations of that count of the indictment wherein possession of a firearm by a convicted felon was charged, appellant's prior felony conviction was for voluntary manslaughter. In support of this allegation, the State offered a certified copy of a two-count indictment which showed that appellant had previously been charged with malice murder and with aggravated assault. The face of this indictment further reflected that appellant had entered a guilty plea to voluntary manslaughter as a lesser included offense of the murder charge and that the aggravated assault charge had been dead docketed. In addition, the State offered a certified copy of appellant's sentence which also showed that he had been charged with the crimes of murder and aggravated assault and that, as to the murder charge he had entered a guilty plea to the lesser included offense of voluntary manslaughter. Over appellant's objection, the indictment and sentence were admitted into evidence and he enumerates this evidentiary ruling as error.

A prior felony conviction is an essential element of OCGA § 16-11-131 and evidence of appellant's prior felony conviction was clearly admissible. See *State v. Santerfeit,* 163 Ga. App. 627 (295 SE2d 756) (1982). The State's evidence proving appellant's prior conviction did contain references not only to voluntary manslaughter, as alleged in the indictment, but also to charges of murder and aggravated assault. However, as in *Biggers v. State,* 162 Ga. App. 163, 165 (2) (290 SE2d 159) (1982), appellant's prior conviction for voluntary manslaughter was "inextricably intertwined" with the charges of murder and aggra-

vated assault because appellant's voluntary manslaughter conviction had resulted from an apparent plea bargain to a two-count indictment charging him with murder and aggravated assault. "The evidence showed [appellant's] conviction of [voluntary manslaughter, which was] the crime alleged in the indictment; that it [also] showed [that the initial charges were either reduced or dead docketed] was no more prejudicial in our view." *Biggers v. State*, supra at 165-166 (2). Accordingly, there was no error in admitting the evidence.

2. Appellant enumerates as error the denial of his right to effective assistance of trial counsel.

"It is a requisite of a sound system of criminal justice, serving alike the proper ends of defendants and of the public, that any contention concerning the violation of the constitutional right of counsel should be made at the earliest practicable moment." *Smith v. State*, 255 Ga. 654, 656 (3) (341 SE2d 5) (1986). Appellant did not raise the ineffectiveness issue when he originally sought an out-of-time appeal nor was the issue later raised in the trial court before the present appeal was brought by appellant's new counsel. This is understandable since, in seeking an out-of-time appeal, a defendant ostensibly is seeking only permission to file a direct appeal to an appellate court and not any form of post-conviction relief from the lower court itself. Nevertheless, our Supreme Court has declined to address the merits of an ineffectiveness claim where the issue was raised neither in the defendant's original request for an out-of-time appeal nor in the trial court after the request had been granted. *Bell v. State*, 259 Ga. 272 (381 SE2d 514) (1989). Accordingly, pursuant to the authority of *Bell v. State*, supra, we are constrained to hold that appellant has waived the right to raise the ineffectiveness issue in the context of the present appeal.

*Judgment affirmed. McMurray, P. J., concurs. Beasley, J., concurs specially.*

BEASLEY, Judge, concurring specially.

I concur but believe it necessary to point out with respect to Division 2 that this is not an appeal in which the trial court granted leave to file a late appeal and new counsel had no opportunity to raise the issue below.

This out-of-time appeal was the relief sought in and granted by a habeas corpus court based on a petition filed on the prisoner's behalf by new counsel. Such is reflected in the order of the habeas court which was transmitted to the criminal trial court. The ineffectiveness issue could have been raised in the habeas corpus petition brought by new counsel.

Applying the principle which has repeatedly guided the decisions of the Georgia Supreme Court in this area and which is quoted in the

majority opinion, "the earliest practicable moment" in this case was the habeas corpus proceeding. See for example *McDuffie v. Jones*, 248 Ga. 544, 550 (4) (283 SE2d 601) (1981). Not having been raised there, the issue was waived and remand for a third trip to the trial court is not warranted.

DECIDED JULY 11, 1989.

*Glenn B. Icard, Jr.*, for appellant.

*Robert E. Keller, District Attorney, Albert B. Collier, Assistant District Attorney*, for appellee.