A89A1547. BROWN v. THE STATE.
(386 SE2d 734)

SOGNIER, Judge.

Timothy Wayne Brown was found guilty of three counts of child molestation and three counts of aggravated child molestation. He appeals.

1. Appellant first challenges the sufficiency of the evidence. Construed to support the verdict, the evidence adduced at trial reveals that from 1981 until January 1988, the female victim resided with appellant and his wife, the victim's aunt. Ola Paulson, the victim's

cousin, testified that in January 1988, the victim, who was ten years old at the time, and her younger sister came to live with Paulson, and that she subsequently obtained legal custody of the girls with their mother's consent. Paulson stated that shortly after the victim moved in, she (Paulson) noticed a discharge on the victim's underwear which she considered unusual for a child of that age, and that after she questioned the victim several times, the child revealed that appellant had sexually molested her. The pediatrician who examined the victim in February 1988 at Paulson's request testified that the victim's vaginal opening appeared to be "typical of a sexually active adult female," a condition that in his opinion was the result of "multiple" acts of sexual intercourse, and that she also had a vaginal infection. The victim testified that appellant fondled her breasts and performed oral sodomy and sexual intercourse with her at least six times during 1987. The sheriff's detective and the case worker who investigated the matter both testified that the victim had made the same statements to them in February 1988. Appellant denied ever having touched or abused the victim sexually.

We find this evidence sufficient to enable a rational trier of fact to convict appellant of the charged violations of OCGA § 16-6-4 (a), (c). See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Although appellant questions the credibility of Paulson, the case worker, and the victim, "[t]he credibility of witnesses and the weight to be accorded their testimony is the sole province of the jury. [Cit.]" *Herndon v. State*, 187 Ga. App. 77, 78 (4) (369 SE2d 264) (1988).

2. Appellant also contends the trial court erred by granting the State's oral motion in limine because such a motion constitutes a motion to suppress, which under OCGA § 17-5-30 (b) is required to be in writing. We do not agree, as by its terms OCGA § 17-5-30 applies only to motions to suppress evidence made by criminal defendants. Appellant has not cited any other authority for his contention that a motion in limine must be in writing, nor has our research disclosed any such rule. We have recognized that oral motions in limine may be made in civil cases at the time of trial, *Walton v. Datry*, 185 Ga. App. 88, 91 (363 SE2d 295) (1987), and use of such motions has been referenced in criminal cases without condemnation by our appellate courts. See, e.g., *State v. Johnston*, 249 Ga. 413, 415 (291 SE2d 543) (1982). As the purpose of a motion in limine is either to seek a ruling on the admissibility of evidence prior to its introduction or to preclude discussion of the challenged evidence by anyone until its admissibility may be determined outside the presence of the jury, id.; *Walton*, supra at 90-91 (2), we see no reason why such a motion should not be as applicable and available in criminal trials as it is in civil trials. Accordingly, we find no error in the trial court's ruling.

*Judgment affirmed. Banke, P. J., and Pope, J., concur.*

DECIDED SEPTEMBER 22, 1989.

Jack E. Carney, Jr., for appellant.
Dupont K. Cheney, *District Attorney, David C. Walker, Assistant District Attorney,* for appellee.