### A89A1878. SMITH v. THE STATE.
(387 SE2d 571)

BANKE, Presiding Judge.

Smith was convicted of one count of child molestation. He brings this appeal from the denial of his motion for new trial.

The victim was the appellant's then five-year-old step-daughter. On the morning following the incident, the child told her mother that the appellant had come into her room naked during the night and that her bed was wet. The child then left the house for visitation with her father. In a telephone conversation later that afternoon, the child told her mother that the appellant had gotten into her bed and had caused the bed to move up and down while he touched her vagina. The mother immediately confronted the appellant with these allegations, and he denied them; however, she nevertheless reported the in-

cident to a marriage counselor the couple visited that afternoon.

The victim's father testified that his daughter telephoned him on the morning in question to ask him to pick her up at her mother's home. When he did so, the child reported the incident to him, and he in turn reported it to the sheriff's department. An investigator from the sheriff's department who subsequently interviewed the child testified that during their interview the child described two occasions on which she had been sexually molested by the appellant. Crime lab tests performed on the child's bed sheet were positive for the presence of seminal fluid. *Held*:

1. The appellant contends that the trial court erred in denying his pretrial motion to suppress the child's bed sheet. As the evidence showed that the sheet had been voluntarily turned over to the authorities by the mother without a search, this enumeration of error is without merit. See generally *Tolbert v. State*, 224 Ga. 291 (2) (161 SE2d 279) (1968); *Montgomery v. State*, 155 Ga. App. 423 (1) (270 SE2d 825) (1980).

2. The appellant further contends that his motion to suppress should have been granted because the sheet may have been accessible to others during the approximately two-week period before it was handed over to the authorities. "[A] pre-trial motion to suppress is available only to a person aggrieved by an unlawful search and seizure [OCGA § 17-5-30] [Cit.]. . . ." *Foote v. State*, 141 Ga. App. 18 (232 SE2d 366) (1977). As this contention does not address the legality of the seizure of the evidence, it established no basis for its suppression on Fourth Amendment grounds.

3. The appellant testified on re-direct examination that the state had obtained a court order requiring him to submit to a blood test to determine whether he was the source of the semen on the sheet. Thereafter, over his objection, the following testimony was elicited from him on re-cross-examination: "Q. Did your lawyer inform you that the test results said your blood type could not be matched with the semen? A. Yes, ma'm. Q. So even if it was your semen the forensic chemist couldn't tell us because you are a non-secreter? A. I'm not sure because I don't know." However, at the conclusion of the closing arguments, the trial court reversed its prior decision to admit this testimony and instructed the jury, sua sponte, to disregard it completely. At the conclusion of the court's charge to the jury, the appellant moved for a mistrial, contending the prejudice resulting from the prior admission of this evidence in question could not be cured. He contends on appeal that the court erred in denying this motion.

" ' "The trial court has a broad discretion in passing on motions for mistrial, and its ruling will not be disturbed by the appellate courts unless it appears that there has been a manifest abuse of discretion and that a mistrial is essential to the preservation of the right

to a fair trial. (Cits.) Where a motion for mistrial is made on the ground of inadmissible matters being placed before the jury, the corrective measure to be taken by the trial court also is largely a matter of discretion, and where proper corrective measures are taken and there is no abuse of that discretion the refusal to grant a mistrial is not error." [Cits.]' " *Bush v. State*, 188 Ga. App. 313 (372 SE2d 847) (1988). In the present case, we conclude that the instructions given by the court were sufficient to cure any prejudice to the appellant which may have resulted from the admission of the testimony in question, and we consequently hold that the trial court did not abuse its discretion in denying the motion for mistrial.

4. The appellant contends that the trial court erred in ruling that the victim, who was six years old at the time of trial, was competent to testify. The court's ruling was based on OCGA § 24-9-5 as it existed prior to its amendment by Ga. L. 1989, p. 1639, § 1. During questioning to determine her competency, the child indicated that she understood the difference between telling the truth and telling a lie and that she intended to tell the truth at trial. In addition, she testified that if she violated the obligation to tell the truth, she would have to ask forgiveness from God. Under these circumstances, the trial court did not abuse its discretion in finding the victim competent to testify. See *Conaway v. State*, 188 Ga. App. 561 (373 SE2d 660) (1988); *Westbrook v. State*, 186 Ga. App. 493 (1) (368 SE2d 131) (1988). See also *Ambles v. State*, 259 Ga. 406 (383 SE2d 555) (1989).

5. The appellant enumerates as error the admission of evidence that he had previously been convicted of child molestation, arguing that the prior offense, which involved the sodomy of an eight-year-old boy, was insufficiently similar to the present offense to be relevant. This enumeration is without merit. In a child molestation case, " '[t]he sexual molestation of young children, regardless of sex or type of act, is sufficient similarity to make the evidence admissible.' [Cit.]" *Cox v. State*, 173 Ga. App. 422 (1) (326 SE2d 796) (1985).

6. The evidence was sufficient to enable a rational trier of fact to find the appellant guilty of child molestation beyond a reasonable doubt. See generally *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Sognier and Pope, JJ., concur.*

DECIDED SEPTEMBER 27, 1989 —
REHEARING DENIED OCTOBER 16, 1989.

*E. Earl Seals*, for appellant.
*William G. Hamrick, Jr., District Attorney, George F. Hutchin-*

*son III, Assistant District Attorney*, for appellee.