## A89A2111. PONDER v. THE STATE.
(390 SE2d 869)

CARLEY, Chief Judge.

After a jury trial, appellant was found guilty of one count of aggravated assault on a peace officer and two counts of possession of a

deadly weapon by an inmate. Pursuant to the grant of leave to file an out-of-time appeal, appellant appeals from the judgments of conviction and sentences that were entered on the jury's guilty verdicts.

1. Appellant enumerates the general grounds as to the aggravated assault count and one of the possession of a deadly weapon counts.

Officers testified that they heard appellant threaten to kill the victim and that they saw appellant take the knife from between two mattresses and stab him. The mere fact that these events occurred in appellant's cell, which had just been searched, does not in any way show that the officers' testimony is insufficient to support the convictions. There was no evidence that the search was so thorough that the knife could not have been overlooked. "The evidence was sufficient for a rational trier of fact to find proof of [appellant's] guilt of aggravated assault [and possession of a deadly weapon] beyond a reasonable doubt." *Weaver v. State*, 176 Ga. App. 639, 640 (1b) (337 SE2d 420) (1985).

2. Appellant raised no objection at trial to that portion of the State's closing argument which he enumerates as error on appeal. " 'The failure to object below constitutes a waiver, and the appellant cannot now complain on appeal.' [Cit.]" *Sams v. State*, 258 Ga. 158, 160 (3) (366 SE2d 290) (1988).

3. Appellant enumerates the court's denial of his motion for change of venue as erroneous.

" 'In order to prevail on a motion for change of venue pursuant to OCGA § 17-7-150 (a), a defendant must show "(1) that the setting of the trial was inherently prejudicial or (2) that the jury selection process showed actual prejudice to a degree that rendered a fair trial impossible." (Cit.) "(T)he empanelling of fair and impartial jurors, as demonstrated on voir dire, makes it particularly difficult to show that the setting of the trial was inherently prejudicial." (Cit.) . . . Moreover, a trial court's finding that a defendant can receive a fair trial in the county in which the crime was committed will be upheld unless manifestly erroneous. (Cit.)' [Cit.]" *Donalson v. State*, 192 Ga. App. 37, 39 (5) (383 SE2d 588) (1989). " 'The test adopted by [the Supreme Court of Georgia] in determining whether or not a change of venue should be granted is whether the jurors summoned to try the case have formed fixed opinions as to guilt or innocence. . . .' [Cits.]" *Waters v. State*, 248 Ga. 355, 361 (1) (283 SE2d 238) (1981). "The record shows that the 12 trial jurors [indicated] on examination that they had no opinion as to the guilt or innocence of the appellant. . . . That is the bottom line in all change of venue motions. We find no abuse of discretion in denying the [motion for] change of venue." *Florence v. State*, 243 Ga. 738, 740 (2) (256 SE2d 467) (1979).

4. On voir dire, appellant's counsel sought to ask the prospective jurors whether they believed that "the work of the guard at the Geor-

gia State Prison . . . has been made overly difficult because of considerations that must be given inmates?" The trial court refused to permit this question to be answered and appellant enumerates this ruling as erroneous.

"While a defendant in a criminal case has an absolute right to have prospective jurors questioned as to those matters specified in OCGA § 15-12-133, control of voir dire examination is within the sound legal discretion of the trial court, and the appellate courts should not interfere unless it is shown to have been manifestly abused. [Cits.]" *Lawton v. State*, 191 Ga. App. 116, 118 (381 SE2d 106) (1989). "The Supreme Court has 'repeatedly upheld the discretion of the trial court to restrict voir dire to questioning dealing directly with the specific case, and to prohibit overly broad questions.' [Cits.]" *Williams v. State*, 165 Ga. App. 69, 70 (2) (299 SE2d 402) (1983). Moreover, questions calling for an opinion by a juror on matters of law are improper. See *Williams v. State*, supra at 70 (2); *Hunter v. State*, 170 Ga. App. 356 (1) (317 SE2d 332) (1984); *Petty v. State*, 179 Ga. App. 767 (1) (347 SE2d 663) (1986). "The [prohibited] question is not phrased or designed so as to elicit or reveal any actual bias or prejudice against [appellant] . . . [cit.] or any interest in the cause. [Cits.]" *Bennett v. State*, 153 Ga. App. 21, 26 (III) (264 SE2d 516) (1980). The trial court did not err in refusing to allow the question to be answered.

5. During trial, appellant was restrained by handcuffs and leg irons and, during his testimony, a guard stood beside the witness stand. The trial court's allowance of these security precautions is enumerated as error. " '[I]t is not necessarily an error of constitutional dimensions for an accused to appear in court wearing restraining devices or accompanied by uniformed guards. (Cits.) It is well settled that when, in the discretion of the trial judge, the use of restraining devices or the presence of uniformed guards is necessary for preventing disruptive or dangerous behavior by the accused or for securing the safety of those in the courtroom, or of the general public, the decision to implement such measures is within the court's discretion. [Cits.]' [Cit.]" *Barefoot v. State*, 175 Ga. App. 131 (3) (333 SE2d 13) (1985). There was evidence presented that appellant had stated that he would "tear up" the courtroom when his handcuffs were removed and that he had previously threatened to kill people. The trial court instructed the jury not to draw any adverse inference from the mere fact that appellant was shackled and we find no error in the trial court's allowance of what it deemed to be necessary security precautions. Compare *McKenzey v. State*, 138 Ga. App. 88, 90 (1b) (225 SE2d 512) (1976).

6. Appellant enumerates as error the trial court's failure, without request, to require the State to give racially neutral reasons for the

use of peremptory challenges of black prospective jurors. See *Batson v. Kentucky*, 476 U. S. 79 (106 SC 1712, 90 LE2d 69) (1986).

This issue was never raised in the trial court. "The failure of [appellant] timely to object [to the composition of the jury] is a valid state procedural bar to any complaint he may have under *Batson*. [Cit.]" *Ford v. State*, 257 Ga. 661, 664 (8d) (362 SE2d 764) (1987). See also *Childs v. State*, 257 Ga. 243, 257 (21) (357 SE2d 48) (1987). Moreover, even if the issue had been raised in the trial court, this enumeration would still have no merit. "Since the percentage of blacks on the jury was, as a result of the use of peremptory strikes, higher than that of the panel from which they were chosen, appellant did not show a prima facie case of discrimination. [Cit.]" *Harris v. State*, 186 Ga. App. 756, 757 (2) (368 SE2d 527) (1988). See also *Aldridge v. State*, 258 Ga. 75, 76 (4) (365 SE2d 111) (1988); *Barnett v. State*, 191 Ga. App. 552, 554 (1) (382 SE2d 620) (1989); *Stewart v. State*, 190 Ga. App. 162 (1) (378 SE2d 387) (1989).

7. Over appellant's relevancy objection, the trial court admitted certain testimony concerning the usual manner of dealing with inmates in possession of a weapon. This ruling is enumerated as error.

Evidence " 'is relevant if it relates to the questions being tried by the jury, either directly or indirectly, tends to illustrate or explain the issue, or aids the jury in arriving at the truth. (Cit.)' [Cit.]" *Rosenthal v. Hudson*, 183 Ga. App. 712, 715 (9) (360 SE2d 15) (1987). See also *Kalish v. King Cabinet Co.*, 140 Ga. App. 345, 346 (1) (232 SE2d 86) (1976). The challenged testimony was relevant to explain why the officers entered appellant's cell. " 'Evidence which otherwise may be inadmissible in some instances becomes admissible in order to explain conduct.' [Cit.]" *Hamilton v. State*, 146 Ga. App. 884, 886 (4) (247 SE2d 551) (1978).

8. The admission into evidence of two photographs of the victim is enumerated as error. Appellant urges that the photographs were not properly authenticated. The victim testified that he was the subject of the photographs, that they accurately reflected his condition immediately after the injury, and that they could not be of anyone else. " ' "The quantum of evidence required to sufficiently identify photographs as true and accurate representations of what they purport to depict is a matter to be left within the discretion of the trial court. [Cits.]" [Cit.]' [Cit.] The victim's authentication of the photographs in the instant case as true and accurate depictions of his injury was sufficient." *Turner v. State*, 181 Ga. App. 531 (353 SE2d 13) (1987).

9. Appellant enumerates as error the admission into evidence of a certain knife without a proper showing of a chain of custody and without proper identification.

"Although the [S]tate failed to establish a chain of custody, the

guard who was stabbed positively identified the weapon. 'Unlike fungible items, distinct physical objects which can be identified upon mere observation require no custodial proof for their admission.' [Cits.] It was not error to admit the knife into evidence. [Cits.]" *Weaver v. State*, supra at 640 (1a).

10. On appeal, the alleged ineffective assistance of appellant's trial counsel has been raised for the first time.

"Appellant did not raise the ineffectiveness issue when he originally sought an out-of-time appeal nor was the issue later raised in the trial court before the present appeal was brought. . . . [Therefore], pursuant to the authority of *Bell v. State*, [259 Ga. 272 (381 SE2d 514) (1989)], we are constrained to hold that appellant has waived the right to raise the ineffectiveness issue in the context of the present appeal." *Smith v. State*, 192 Ga. App. 246, 247 (2) (384 SE2d 451) (1989).

*Judgments affirmed. McMurray, P. J., and Beasley, J., concur.*

DECIDED JANUARY 23, 1990 —
REHEARING DENIED FEBRUARY 9, 1990 — ▬▬▬▬▬

*Glen A. Cheney*, for appellant.
*Dupont K. Cheney, District Attorney, Mark S. Daniel, Assistant District Attorney*, for appellee.