### A90A0932. WILLIAMS v. THE STATE.
(400 SE2d 638)

Pope, Judge.

Defendant Samuel Hopkins Williams was convicted of child molestation, and appeals. We affirm.

1. Defendant first challenges the sufficiency of the evidence. However, our review of the transcript shows that the evidence adduced at trial was more than sufficient to authorize defendant's conviction of the offense of child molestation under the standard enunciated in *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Accord *Smith v. State,* 193 Ga. App. 196 (387 SE2d 571) (1989); *Brown v. State,* 192 Ga. App. 864 (1) (386 SE2d 734) (1989).

2. Defendant also contends there was a fatal variance between the acts charged in the indictment and the proof offered at trial. The indictment charged that defendant committed the offense of child molestation "by placing his male sex organ near, on and into [the victim's] anus and female sex organ. . . ." As defendant contends on appeal the evidence at trial showed the acts of molestation involved only the six-year-old victim's anus, not her vagina. " 'When an indictment charges a crime was committed in more than one way, proof that it was committed in one of the separate ways or methods alleged in the indictment makes a prima facie case for jury determination as to guilt or innocence. (Cits.) Inasmuch as the evidence showed the defendant had molested the child in one of the ways alleged, [the guilty verdict was authorized and reversal is not required.] (Cit.)' *Henry v. State,* 154 Ga. App. 120 (1) (267 SE2d 653) (1980)." *Castillo v. State,* 178 Ga. App. 312 (1) (342 SE2d 782) (1986).

3. Defendant also contends, for the first time on appeal, that he received ineffective assistance of counsel at trial. The record shows that appellate counsel was appointed to represent the defendant on January 17, 1990, and that the court entered an order allowing defendant to file an out-of-time appeal on January 23, 1990. Defendant's out-of-time notice of appeal was filed on that date. " '[Defendant] did not raise the ineffectiveness issue when he originally sought an out-of-time appeal nor was the issue later raised in the trial court

before the present appeal was brought. . . . (Therefore), pursuant to the authority of *Bell v. State,* (259 Ga. 272 (381 SE2d 514) (1989)), we are constrained to hold that [defendant] has waived the right to raise the ineffectiveness issue in the context of the present appeal.' *Smith v. State,* 192 Ga. App. 246, 247 (2) (384 SE2d 451) (1989)." *Ponder v. State,* 194 Ga. App. 446, 450 (10) (390 SE2d 869) (1990). Cf. *Weems v. State,* 196 Ga. App. 429 (3) (395 SE2d 863) (1990), cert. denied, October 18, 1990.

*Judgment affirmed. Deen, P. J., concurs. Beasley, J., concurs specially.*

BEASLEY, Judge, concurring specially.

I concur fully in Divisions 1 and 2 but I reach the result in Division 3 by another route.

Appellant Williams was sentenced on December 12 and the judgment was filed on December 13. He sent two notices of appeal to the court from the jail. One is made up of two enumerations of error, neither of which complains of trial counsel. Both notices are dated January 9 and, although there is no filing date, they were apparently sent January 13, the date of a postmark on an envelope in the record. Had they been sent on Tuesday, January 9, and filed when received, they most likely would have been filed on time, as the 30th day was Friday, January 12. They were not officially filed by the clerk at all because, as stated on a handwritten note on one of them: "1-17-90 [Deputy Clerk] said to put this in file That Pub Def Ofc should file an appeal -"

In two documents dated January 10 and again never marked "filed" and dated by the clerk but apparently mailed January 12, the jailed Williams asked for appointment of a public defender for appeal and stated his grounds for reversing the conviction. The grounds related to sufficiency of the evidence and newly discovered evidence, and not to ineffective assistance of trial counsel.

The court appointed the public defender "to represent the defendant in this matter" of appeal, by order filed January 17. A form "Out-of-Time Notice of Appeal" and pauper's affidavit were filed by counsel on January 23 and, although no formal motion was made or served on opposing counsel, the court granted an "Out-of-Time Appeal," having found "[g]ood and sufficient reason" without stating what it was.

The first notice of appeal submitted by defendant pro se was sufficient in content so that the second one filed by counsel was superfluous. Since the first was late for a reason not explained in the record (and assuming it was actually filed at some point because it is part of the record), the order should rightly apply to it.

The question is thus this: when a defendant appeals pro se from

a conviction following a trial in which he is represented by counsel, and there is no motion for new trial, and defendant's out-of-time appeal is allowed, and the public defender appointed after the time for a new trial motion and for timely appeal has passed, can the claim of ineffective assistance of trial counsel be raised on appeal? The answer is no, because there has been a realistic opportunity for the matter to be raised in the trial court. *Thompson v. State*, 257 Ga. 386, 388 (2) (359 SE2d 664) (1987).

Defendant was represented at trial by retained counsel but thereafter represented himself, apparently due to indigency, until the public defender was appointed over 30 days following the judgment. Defendant was advised of the right to sentence review if timely sought and presumably advised of the right to appeal within 30 days, as he attempted to achieve the latter. But the record does not show that he knew that he could move for a new trial or that it provided a mechanism to challenge counsel's representation. Nor is it likely that he knew, considering that he did list his complaints in the documents accompanying his pro se notice of appeal and this was not one of them. Although there is no right to be advised of the availability and breadth of the motion for new trial procedure, I cannot conclude under the circumstances of this case that defendant waived the ineffectiveness issue by not making a motion for new trial and therein raising it when he was representing himself.

However, counsel appointed shortly after the 30-day period had run could have filed such a motion, and ask that it be treated as an extraordinary motion for that reason. The law provides for such in OCGA § 5-5-41. Or, according to *Bell v. State*, 259 Ga. 272 (381 SE2d 514) (1989), he could have raised it in the motion for out-of-time appeal. Since appellant's aborted pro se appeal was not recognized, we do not have the situation in which the filing of a notice of appeal divests the trial court of jurisdiction. See *Housing Auth. of Atlanta v. Geter*, 252 Ga. 196, 197 (312 SE2d 309) (1984).

"It is a requisite of a sound system of criminal justice, serving alike the proper ends of defendants and of the public, that any contention concerning the violation of the constitutional right of counsel should be made at the earliest practicable moment." *Smith v. State*, 255 Ga. 654, 656 (3) (341 SE2d 5) (1986). The question is, when was "the earliest practicable moment" that the issue could have been raised? Appointed counsel had that opportunity at the trial level but chose to wait until the appeal was before us, thereby waiving the ground for a reversal of the conviction and sentence in this direct appeal.

Examining the particular instances of alleged deficient representation, they are not of a type which are subsumed within other enumerations of error and thus arguably could be reached despite the

failure to raise them below. Cf. *French v. State,* 198 Ga. App. 210, 212 (401 SE2d 67) (1990), dissenting opinion.

Decided November 8, 1990 —
Rehearing denied December 20, 1990 —

*Steven W. Reighard, Kenneth Kondritzer,* for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Patsy Y. Porter, Carl P. Greenberg, Assistant District Attorneys,* for appellee.