A90A2343. HULETT v. THE STATE.
(400 SE2d 366)

DEEN, Presiding Judge.

Appellant was tried and convicted of aggravated assault, simple battery and criminal trespass. In this out-of-time appeal, appellant claims that his trial counsel provided ineffective assistance. *Held:*

1. " 'In every matter coming to this court we are required to examine the record to make certain that we possess jurisdiction. (Cits.) . . . The timely filing of a notice of appeal in accordance with the statutory requirement is essential to confer jurisdiction upon an appellate court. (Cit.)' . . . However, this court for proper reasons will entertain an out-of-time appeal." *Moore v. State,* 176 Ga. App. 882, 883 (339 SE2d 271) (1985). The trial court granted the defendant's oral motion for an out-of-time appeal. The record on appeal contains no transcript of evidence presented to support the motion. "[A]bsent a transcript in the record demonstrating an appellant's *failure* to present evidence to support the trial court's order, this court is required to assume the trial court's grant of the out-of-time appeal was proper. [Cits.]" *Odister v. State,* 191 Ga. App. 898 (383 SE2d 371) (1989).

2. Appellant claims that his trial attorney failed to provide him with effective assistance during the preparation for and trial of the case. This issue was not raised in the trial court. Appellate counsel did not represent the defendant at trial. The record does not reflect the date on which appellate counsel undertook this case, although the record does show that following the June 8, 1990, entry of judgment on the verdict, appellate counsel filed an application for sentence review on behalf of appellant on July 5, 1990. Thereafter, on July 12, 1990, appellate counsel's motion for an out-of-time appeal was granted. No motion for a new trial was filed by trial or appellate counsel.

In appropriate cases claims for ineffective assistance of counsel

are remanded to the trial court for an evidentiary hearing. *Smith v. State*, 255 Ga. 654 (341 SE2d 5) (1986). However, in determining whether the claim should be remanded we must first decide whether the claim was raised "at the earliest practicable moment." Id. at 656; *Thompson v. State*, 257 Ga. 386, 388 (359 SE2d 664) (1987). Here the record shows that appellate counsel represented appellant at least three days before the expiration of 30 days from the entry of judgment on the verdict. Four days after appeal rights expired appellate counsel obtained an order from the trial court granting an out-of-time appeal. At no time before initial appeal rights expired, or within the 30-day extension following the grant of the out-of-time appeal, did appellate counsel raise the effectiveness issue in the trial court. Under these circumstances we find the ineffectiveness of counsel claim was not raised "at the earliest practicable moment"; therefore the issue has been waived. *Ponder v. State*, 194 Ga. App. 446, 450 (390 SE2d 869) (1990); *White v. State*, 192 Ga. App. 703 (386 SE2d 56) (1989); *Smith v. State*, 192 Ga. App. 246, 247 (384 SE2d 451) (1989) (physical precedent only); see also *Huff v. State*, 191 Ga. App. 476 (382 SE2d 183) (1989).

*Judgment affirmed. Pope, J., concurs. Beasley, J., concurs in Division 2 and in the judgment.*

DECIDED DECEMBER 4, 1990 —
REHEARING DENIED DECEMBER 13, 1990.

*Neil A. Smith*, for appellant.
*Michael H. Crawford, District Attorney, E. Jay McCollum, Assistant District Attorney*, for appellee.