### A89A2111. PONDER v. THE STATE.
(406 SE2d 143)

CARLEY, Judge.

In *Ponder v. State*, 194 Ga. App. 446, 450 (10) (390 SE2d 869) (1990), we did not address the issue of the alleged ineffectiveness of appellant's trial counsel because we held that that issue had been waived. On certiorari, however, the Supreme Court reversed with direction that we remand the case "to the trial court for the purpose of permitting [appellant] to file a motion for new trial. Because all other issues in this case have been dealt with on appeal, that motion will be limited to the issue of ineffective assistance of counsel." *Ponder v. State*, 260 Ga. 840, 842 (2) (400 SE2d 922) (1991). Accordingly, our original judgment is vacated and the judgment of the trial court is hereby affirmed with direction that, within 30 days of the date that this court's remittitur is filed in the trial court, appellant shall be entitled to file a motion for new trial limited to the issue of the alleged ineffectiveness of his trial counsel. If appellant files a timely motion for new trial as to that limited issue and the trial court finds, after an evidentiary hearing, that appellant was denied effective assistance of trial counsel, he will be entitled to a new trial. If appellant files a timely motion for new trial as to that limited issue and the trial court finds, after an evidentiary hearing, that appellant was not denied effective assistance of trial counsel, he will be entitled to file a notice of appeal within 30 days of the entry of such an adverse order.

*Judgment affirmed with direction. McMurray, P. J., and Beasley, J., concur.*

DECIDED APRIL 30, 1991.

*Glen A. Cheney*, for appellant.

*Dupont K. Cheney, District Attorney, Mark S. Daniel, Assistant District Attorney*, for appellee.