A91A0989. WEAVER v. THE STATE.
(406 SE2d 574)

McMURRAY, Presiding Judge.

Defendant Weaver appeals his conviction of two counts of aggravated assault. *Held:*

1. The record on appeal discloses no objection below preserving the issues now raised by defendant's first, fourth and eighth enumerations of error. We may not decide issues raised for the first time on appeal. *Romano v. State*, 193 Ga. App. 682 (1) (388 SE2d 757); *Floyd v. State*, 188 Ga. App. 24 (1) (372 SE2d 287).

2. Next, defendant asserts error in the denial of his motion under *Batson v. Kentucky*, 476 U. S. 79 (106 SC 1712, 90 LE2d 69). The trial court accepted the prosecutor's explanation that both of the prospective jurors in question were stricken because they knew defendant. The trial court's conclusion that the prosecutor had provided a racially neutral explanation for challenging the prospective black jurors cannot be found to be clearly erroneous. We find no error in the denial of defendant's *Batson* motion. *Burgess v. State*, 194 Ga. App. 179 (390 SE2d 92); *Kincey v. State*, 191 Ga. App. 300 (1) (381 SE2d 439).

3. In his third enumeration of error, defendant contends that the evidence was insufficient to authorize the verdict. However, the State's evidence shows that defendant repeatedly fired a gun at an automobile occupied by the two victims. The evidence adduced at trial was sufficient to authorize the conviction of defendant under the

standard enunciated in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560). See *Williams v. State*, 198 Ga. App. 214 (1) (400 SE2d 638).

4. Defendant's sixth and seventh enumerations of error relate to his motion for supersedeas bond. Considering these enumerations in reverse order, we note that there was no failure by the trial court to enter findings of fact on the motion. The trial court found that defendant fired a gun at passengers in a moving car and threatened a witness with death if she told anyone. Based on these findings, the trial court concluded that defendant posed a substantial risk of danger to the community and denied his motion for supersedeas bond. The trial court's findings being supported by the evidence we find no error in the denial of defendant's motion for supersedeas bond. *Birge v. State*, 238 Ga. 88 (230 SE2d 895).

*Judgment affirmed. Sognier, C. J., and Andrews, J., concur.*

DECIDED JUNE 19, 1991.

*Hurl R. Taylor, Jr.*, for appellant.

*Robert F. Mumford, District Attorney, William F. Todd, Jr., Assistant District Attorney*, for appellee.