## A90A0932. WILLIAMS v. THE STATE.
(408 SE2d 512)

POPE, Judge.

In the original appearance of this case we declined to address the issue of the alleged ineffectiveness of defendant's trial counsel holding that issue had been waived pursuant to the holding in *Ponder v. State*, 194 Ga. App. 446, 450 (10) (390 SE2d 869) (1990). *Williams v. State*, 198 Ga. App. 214 (3) (400 SE2d 638) (1990). Subsequent to our decision in *Williams* the Supreme Court on certiorari reversed the judgment in *Ponder* with direction that we remand the case "to the trial court for the purpose of permitting [defendant] to file a motion for new trial [raising the issue of ineffective assistance of trial counsel]." *Ponder v. State*, 260 Ga. 840, 842 (2) (400 SE2d 922) (1991). On February 28, 1991, the Supreme Court granted the application for certiorari in *Williams* and remanded the case to this court with direction that we reconsider Division 3, in light of the reversal of the judg-

ment in *Ponder.* "Accordingly, our original judgment is vacated and the judgment of the trial court is hereby affirmed with direction that, within 30 days of the date that this court's remittitur is filed in the trial court, [defendant] shall be entitled to file a motion for new trial limited to the issue of the alleged ineffectiveness of his trial counsel. If [defendant] files a timely motion for new trial as to that limited issue and the trial court finds, after an evidentiary hearing, that [defendant] was denied effective assistance of trial counsel, he will be entitled to a new trial. If [defendant] files a timely motion for new trial as to that limited issue and the trial court finds, after an evidentiary hearing, that [defendant] was not denied effective assistance of trial counsel, he will be entitled to file a notice of appeal within 30 days of the entry of such an adverse order." *Ponder v. State,* 199 Ga. App. 630 (406 SE2d 143) (1991).

*Judgment affirmed with direction. Andrews, J., concurs., Beasley, J., concurs specially.*

BEASLEY, Judge, concurring specially.

I reluctantly concur. See *Kinney v. State,* 199 Ga. App. 354, 355 (405 SE2d 98) (1991) dissent; OCGA § 5-5-41. Cf. *Shavers v. State,* 200 Ga. App. 76 (___ SE2d ___) (1991) special concurrence.

DECIDED JUNE 25, 1991.

*Steven W. Reighard, Kenneth Kondritzer, Maria T. Gonzalez,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Patsy Y. Porter, Carl P. Greenberg, Assistant District Attorneys,* for appellee.