A92A0865. HUNT v. THE STATE.
(422 SE2d 75)

JOHNSON, Judge.

A jury found John Hunt guilty of one count of selling cocaine to an undercover officer. He appeals his conviction.

1. Hunt, who represented himself at trial, testified that his purpose for being in a "known drug area" at the time of the incident was to gather material for a book he was writing about his life experiences. He argues in this appeal that the trial court erred in refusing to admit the manuscript of the book into evidence. The court excluded the manuscript on the grounds that its contents were irrelevant and immaterial to the offense charged. "Evidence must relate to the questions being tried by the jury and bear upon them either directly or indirectly. Irrelevant matter should be excluded." OCGA § 24-2-1. The contents of the book itself do not bear on any of the elements of the crime charged and therefore the manuscript was properly excluded.

2. Hunt argues that it was error for the trial court to have ruled on his motion to suppress, motion to be released on his own recognizance and motion for reduction of bail without a hearing. Subsequent to the entry of an order on those motions, a hearing was held to consider several additional pre-trial motions filed by Hunt. Hunt did not renew the earlier motions or object to the court's having previously ruled on them without an opportunity to be heard at the pre-trial

hearing or at trial. As this issue was not timely raised below, we cannot consider them for the first time on appeal. *Weaver v. State*, 200 Ga. App. 82 (1) (406 SE2d 574) (1991).

3. Evidence was presented at trial that Hunt approached the vehicle of the undercover agent and asked him what he needed. The officer replied "a twenty," meaning of $20 piece of crack cocaine. Hunt then got in the back of the pick-up truck and instructed the officer to drive down the street. Hunt then told the driver to stop, got out of the truck and approached three other men on the street. All of the men then came up to the vehicle and sold the officer a quantity of cocaine for $20. It is clear from the evidence that Hunt aided, abetted, and in fact facilitated the commission of the crime with which he was convicted. Reviewing the evidence in the light most favorable to the jury's verdict, we find that a rational trier of fact could have found Hunt guilty beyond a reasonable doubt of all of the charges. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Carley, P. J., and Pope, J., concur.*

DECIDED SEPTEMBER 8, 1992.

*Kirbo & McCalley, Jon V. Forehand*, for appellant.
*H. Lamar Cole, District Attorney, Charles M. Stines, Assistant District Attorney*, for appellee.