A92A2295. WILLIAMS v. THE STATE.
(427 SE2d 787)

BEASLEY, Judge.

Appellant was convicted of sexually molesting his girl friend's six-year-old cousin. OCGA § 16-6-4 (a). This is the fourth appearance of this case in our appellate courts. Its history appears in *Williams v. State*, 200 Ga. App. 187 (408 SE2d 512) (1991). The issue now is whether the court erred in denying appellant's motion for new trial,

based solely on the alleged ineffectiveness of trial counsel under the Sixth Amendment to the United States Constitution.

The evidence underlying the conviction is as follows: The victim and her five-year-old brother were spending the night at the apartment of appellant's girl friend. The children were put to bed on a pallet on the living room floor. Appellant's girl friend testified that she and appellant had gone to sleep in the bedroom. She was awakened during the night when she heard the victim scream and her brother crying. She got out of bed to investigate and saw appellant in the bathroom. The children told her they were frightened, but neither one related any details to her.

The children's mother picked them up the following day. That evening the victim told her mother that she had blood on her panties, and when questioned further, she related that appellant had poured oil on her bottom and attempted to insert an object into her rectum. Later that night the child told an examining physician that appellant had inserted his finger into her rectum. The physical examination revealed rectal lesions, lubricant in the perianal area and blood on the child's underwear. The child related the same incident to an investigating officer.

Both the victim and her brother, who had witnessed the incident, testified to the act of molestation as charged in the indictment. The victim stated that appellant ran into the bathroom after her brother began crying. She did not tell appellant's girl friend what had happened because she was frightened.

Appellant testified that he spent the night at his girl friend's apartment. He awakened during the night to go to the bathroom and while there he heard the children crying. He denied the allegations of molestation.

Appellant contends that his counsel was constitutionally ineffective in that he failed to adequately investigate the case, failed to interview and subpoena certain potential alibi and character witnesses, failed to make evidentiary objections, failed to request certain jury instructions and waived any objection to the charge as given.

*Strickland v. Washington,* 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984), sets forth the standard for determining whether trial counsel's performance was so deficient as to deny a defendant effective assistance of counsel under the Sixth Amendment. One asserting such an error must make two affirmative showings: "that counsel's representation fell below an objective standard of reasonableness," 466 U. S. at 688, and that such deficiency prejudiced the defense. Id. at 687. " 'Concerning the prejudice component, the Court (in *Strickland*) held that the defendant must show that there is a reasonable probability (i.e., a probability sufficient to undermine confidence in the outcome) that, but for counsel's unprofessional errors, the result

of the proceeding would have been different [466 U. S. at 694].' [Cit.]" *Jowers v. State,* 260 Ga. 459, 462 (2) (396 SE2d 891) (1990).

Trial counsel testified at the hearing on the motion for new trial that he did not present an alibi defense because appellant testified he was present in his girl friend's apartment on the night that the alleged molestation occurred.

Appellant's character was attested to by his mother; other potential character witnesses were not called because they were either unavailable or counsel did not believe they would benefit the defense. Such were tactical decisions which " 'might be considered sound trial strategy.' " *Strickland,* 466 U. S. at 689.

Appellant further asserts that counsel was deficient in failing to request a jury instruction on good character, his "only defense." However, "evidence of good character is not a substantive defense," *Edwards v. State,* 255 Ga. 149, 150 (335 SE2d 869) (1985), and even if such a charge were requested, "the court was not bound to honor the request." *Williams v. State,* 187 Ga. App. 355, 356 (2) (370 SE2d 210) (1988). Compare *Hayes v. State,* 261 Ga. 439, 443 (405 SE2d 660) (1991), holding that the court must charge on defendant's sole *defense,* even without a request, if there is some evidence to support the charge.

The jury was instructed on the presumption of innocence, reasonable doubt, and extensively on the credibility of witnesses. Since the charge as a whole did not contain error, failure to preserve objection could not have been harmful.

Assuming arguendo that counsel should have objected to certain opinion testimony by the investigating officer regarding the victim's veracity, this claim lacks sufficient prejudice under the second prong of *Strickland.* See *Davenport v. State,* 172 Ga. App. 848 (2) (325 SE2d 173) (1984). The evidence against appellant was not only sufficient under the standard of *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), see *Williams v. State,* 198 Ga. App. 214 (1) (400 SE2d 638) (1990), it was overwhelming.

We cannot say that any claimed deficiencies in counsel's performance prejudiced the defense to the extent that the outcome would have been different. Appellant failed to overcome the strong presumption that trial counsel performed effectively. See *Ferrell v. State,* 261 Ga. 115 (3) (401 SE2d 741) (1991). Accordingly, the trial court's finding that appellant was not deprived of the effective assistance of counsel was not shown to be clearly erroneous. *Smith v. State,* 256 Ga. 483 (351 SE2d 641) (1986).

*Judgment affirmed. Birdsong, P. J., and Andrews, J., concur.*

DECIDED JANUARY 13, 1993 —
RECONSIDERATION DENIED FEBRUARY 22, 1993 — 

*Steven W. Reighard*, for appellant.
*Lewis R. Slaton, District Attorney, Carl P. Greenberg, Patsy Y. Porter, Assistant District Attorneys*, for appellee.