**STATE of Iowa, Appellee,**

v.

**Scott R. BAILEY, Appellant.**

No. 89–477.

Supreme Court of Iowa.

Feb. 21, 1990.

**182**

Brad McCall, Newton, for appellant.

Thomas J. Miller, Atty. Gen., Thomas S. Tauber, Asst. Atty. Gen., Michael W. Mahaffey, County Atty., and John L. Thompson, Asst. County Atty., for appellee.

Considered by McGIVERIN, C.J., and CARTER, LAVORATO, NEUMAN and ANDREASEN, JJ.

CARTER, Justice.

Defendant, Scott Russell Bailey, appeals his conviction of OWI (second offense) in violation of Iowa Code section 321J.2 (1987). He contends that the evidence against him was obtained through an improper investigatory stop of the motor ve-

hicle that he was operating. He raised this issue in the district court by a motion to suppress evidence which was overruled. The case then proceeded to trial before the court without a jury, and defendant was found guilty.

At the hearing on the motion to suppress, two witnesses testified. They were Poweshiek County Deputy Sheriff Martin Duffes and Sergeant Lawrence Bush of the Grinnell Police Department. Deputy Duffes, the officer who stopped defendant's motor vehicle, testified that he did so pursuant to a radioed request from Sergeant Bush. Although Deputy Duffes indicated in his testimony that defendant was operating his motor vehicle in a rather slow and deliberate manner, he specifically stated when cross-examined by defendant's counsel that the reason for the stop did not involve the manner in which the vehicle was driven.

Sergeant Bush testified that the reason he radioed the request to stop defendant's vehicle was "to determine whether it [defendant's motor vehicle] was relevant to [an investigation] I was working on at the time." When the prosecutor sought to develop the facts of the investigation which caused Sergeant Bush to radio this request, his questions were met with a hearsay objection by defendant's counsel. These objections were sustained by the district court.

In denying the motion to suppress, the district court based its ruling on a belief that the manner in which defendant was operating his motor vehicle produced a reasonable suspicion of criminal activity. The State seeks to save the conviction on that ground. We believe, however, that it cannot succeed in this pursuit. We have consistently held that in determining the validity of an investigatory stop police officers are bound by the real reasons for their actions. The stop may not be upheld based on reasons that might have existed but in fact did not. *State v. Lamp,* 322 N.W.2d 48, 51 (Iowa 1982); *State v. Aschenbrenner,* 289 N.W.2d 618, 619 (Iowa 1980); *State v. Cooley,* 229 N.W.2d 755, 757–59 (Iowa 1975). This rule

is particularly applicable in the present case where the State is asking us, in effect, to uphold the stop based on an officer's exercise of judgment that in fact never occurred.

■ Because the State must establish the validity of the stop in order for certain evidence thereafter gathered to be admissible, we would ordinarily be required to reverse defendant's conviction on a record such as this. Where the issue is the validity of an investigatory stop, a reasonably founded suspicion may not be established solely by evidence of the receipt by the stopping officer of a radio dispatch. Proof of the factual foundation for the relayed message is also required. Were it otherwise, a radio message alone could parlay an absence of legally sufficient cause into a legal stop.

The Supreme Court has indicated that in order to uphold an investigatory stop based upon a communication between law enforcement officers it must be shown that (1) the officer making the stop acted in objective reliance on the communication, (2) the agency which issued the communication possessed a reasonable suspicion justifying a stop, and (3) the stop which was made was not significantly more intrusive than would have been permitted the agency issuing the communication. *United States v. Hensley*, 469 U.S. 221, 233, 105 S.Ct. 675, 682, 83 L.Ed.2d 604, 615 (1985). *See also United States v. Mobley*, 699 F.2d 172, 174–75 (4th Cir.), *cert. denied*, 461 U.S. 909, 103 S.Ct. 1884, 76 L.Ed.2d 813 (1983) (stop made pursuant to order by police superior only lawful where the superior had sufficient facts to justify the stop); *United States v. Robinson*, 536 F.2d 1298, 1299 (9th Cir.1976) (if dispatcher did not have just cause, he could not create justification by relaying the information to another officer); *People v. Hazelhurst*, 662 P.2d 1081, 1085 (Colo.1983) (stop at request of other officers lawful only upon showing of reasonable suspicion in officers making the request); *People v. Brown*, 88 Ill.App.3d 514, 519, 43 Ill.Dec. 505, 509, 410 N.E.2d 505, 509 (1980) (it must be determined whether requesting agency possessed facts which would warrant a stop).

Notwithstanding the obvious deficiencies in the State's proof in the present case, we are reluctant to order a new trial at this stage. Evidence which might have shown that Sergeant Bush was possessed of a reasonable suspicion sufficient to order the stop was kept out of the record by the defendant's objections. We are convinced that these objections should not have been sustained.

■ In determining whether reasonable suspicion exists to make an investigatory stop, the court has the same latitude for allowing hearsay testimony as it has in the determination of probable cause for the issuance of a warrant. Moreover, we are not convinced that the matters into which the prosecutor was inquiring were in fact hearsay. When a police officer reacts to statements by citizen complainants and witnesses cooperating in an investigation, the officer is often not in a position to know whether these statements are true. Consequently, in evaluating the officer's conduct, the significant circumstance will ordinarily involve what was told to the investigator rather than the truth of the matters asserted.

We believe that the defendant's rights will be protected by affirming his conviction on condition and remanding the district court for a reopening of the suppression hearing. In this way, we can avoid granting a new trial based on a failure of proof which may ultimately be obviated by the State. At the reopened hearing, Sergeant Bush should be permitted to testify as to all facts and circumstances which led him to radio the request to stop defendant's motor vehicle, including statements made to him by other persons. If, on this expanded record, the district court concludes that Sergeant Bush did have reasonable suspicion of criminal activity, our affirmance of the conviction shall stand. If the district court reaches a contrary conclusion, it should set defendant's conviction aside and order a new trial at which all evidence obtained as a fruit of the investigatory stop shall be suppressed. We affirm defen-

dant's conviction subject to the conditions we have outlined.

AFFIRMED ON CONDITION AND RE-MANDED.