STATE of Iowa, Appellee,

v.

Charles D. WATKINS, Appellant.

No. 89–1303.

Supreme Court of Iowa.

Nov. 21, 1990.

Raymond E. Rogers, Appellate Defender, and Linda Del Gallo, Asst. Appellate Defender, for appellant.

Thomas J. Miller, Atty. Gen., Ann E. Brenden, Asst. Atty. Gen., James Smith, County Atty., and Melodee Hanes, Asst. County Atty., for appellee.

Considered by HARRIS, P.J., and LARSON, SCHULTZ, CARTER, and NEUMAN, JJ.

LARSON, Justice.

Charles D. Watkins, who is black, was tried for kidnapping and theft. After the jury was selected and sworn, and before opening statements, Watkins unsuccessfully requested a hearing to determine whether there had been a systematic effort to exclude blacks from the jury panel. He claimed that his sixth amendment rights were violated by the State's failure to provide him a jury panel representing a fair cross section of the community. Watkins was convicted.

We hold it was error to deny Watkins' request for a hearing but cannot finally dispose of the case on the present state of the record. We conditionally affirm and remand for a hearing on Watkins' sixth amendment issue.

I. *The Impact of Iowa Rule of Criminal Procedure 17(3).*

Iowa Rule of Criminal Procedure 17(3) provides:

> Before any jury is sworn for examination, either party may challenge the panel, in writing, distinctly specifying the grounds, which can be founded only on a *material departure from the statutory requirements* for drawing or returning the jury.

(Emphasis added.) Under this rule, any challenge to the panel based on departure from the statutory requirements for draw-

ing or returning the jury must be raised prior to the time the jury panel is sworn for examination. Watkins raised his objection to the jury panel after it was sworn. The State argues that this was too late; Watkins waived any objection to the makeup of the jury panel by failing to raise it in the time provided by rule 17(3). Watkins responds that his objection is not based on failure to follow statutory procedures, but on constitutional grounds, and the time constraints of rule 17(3) are inapplicable.

■ It is well settled that constitutional rights, including the right to a fair trial, may be waived. *See Davis v. United States,* 411 U.S. 233, 238, 93 S.Ct. 1577, 1580–81, 36 L.Ed.2d 216, 222 (1973) ("[Federal r]ule 12(b)(2) precludes untimely challenges to grand jury arrays, even when such challenges are on constitutional grounds."); *United States v. Williams,* 421 F.2d 529, 532 (8th Cir.1970) ("the right to challenge the jury panel may be waived and is waived if not seasonably presented"); *Messina v. Iowa Dep't of Job Serv.,* 341 N.W.2d 52, 60 (Iowa 1983); *State v. Berg,* 237 Iowa 356, 361, 21 N.W.2d 777, 780 (1946). When the State alleges that a constitutional right has been waived, it has the burden to show a valid waiver. *State v. Russell,* 261 N.W.2d 490, 493 (Iowa 1978); *State v. Moore,* 276 N.W.2d 437, 440 (Iowa 1979). In addition, the court must indulge every reasonable presumption against the waiver of constitutional rights. *Id.; Collier v. Denato,* 247 N.W.2d 236, 239 (Iowa 1976).

We have said that "[l]egislatures may pass laws regulating, within reasonable limits, the mode in which rights secured to the subject by bills of right and constitutions shall be enjoyed, and if the subject neglects to comply with these regulations he thereby waives his constitutional privilege." *Berg,* 237 Iowa at 361, 21 N.W.2d at 780 (party who fails to comply with legislative limits regarding jury trial waives his constitutional right to a jury trial).

■ We believe, however, that a claimed waiver based on the defendant's failure to comply with the time requirements of rule 17(3) cannot extend to matters not encompassed in the rule. Rule 17(3) deals only with defects in statutory procedures in the selection of a jury panel; it does not purport to limit redress for alleged constitutional deprivations. In fact, it is conceivable that, even though the statutory requirements were met to the letter, there still might be a failure to provide a constitutional cross section of the community.

Federal cases lend support to the view that failure to raise a statutory objection to the jury panel does not amount to a waiver of a constitutional challenge. In *United States v. De Alba–Conrado,* 481 F.2d 1266 (5th Cir.1973), for example, the defendant challenged the jury panel on the ground that there were no Latin Americans represented. The Federal Jury Selection and Service Act of 1968, 28 U.S.C. § 1867(a), requires that a challenge be made before voir dire examination of the jury. The defendant did not challenge the jury until it was impaneled and sworn. The Court held that a constitutional objection was not preempted by failure to object under the provisions of the Act, especially in view of the language of the Act providing that it did not preempt other challenges. *De Alba–Conrado,* 481 F.2d at 1269.

In *United States v. Kennedy,* 548 F.2d 608, 613–14 (5th Cir.), *cert. denied,* 434 U.S. 865, 98 S.Ct. 199, 54 L.Ed.2d 140 (1977), the court stated that "forfeiture of the statutory claim [regarding jury selection] in no way affects the sanctity of a defendant's due process right to be tried by a jury drawn from a fair cross section of the community." Despite the defendant's failure to comply with the statutory provisions for challenging the makeup of the jury, the court proceeded to resolve the defendant's constitutional challenge on its merits. *Id.* at 614; *United States v. Maldonado,* 849 F.2d 522, 523 (11th Cir.1988) (same).

We hold that Watkins' failure to object within the time provided by rule 17(3) did not waive his right to raise the sixth amendment issue. We do not hold that a defendant cannot be found to have waived a constitutional challenge under other cir-

cumstances; however that issue is not before us.

II. *The Sixth Amendment Claim.*

■■■ The Supreme Court has noted that the sixth amendment entitles a litigant to a jury panel designed to represent a fair cross section of the community. *Holland v. Illinois,* 493 U.S. ——, ——, 110 S.Ct. 803, 805–06, 107 L.Ed.2d 905, 914 (1990); *Taylor v. Louisiana,* 419 U.S. 522, 538, 95 S.Ct. 692, 701–02, 42 L.Ed.2d 690, 702 (1975). A systematic exclusion of "distinct" segments of the community violates this requirement. *Duren v. Missouri,* 439 U.S. 357, 364, 99 S.Ct. 664, 668, 58 L.Ed.2d 579, 586–87 (1979) (exclusion of women from jury panel); *Taylor,* 419 U.S. at 533, 95 S.Ct. at 699, 42 L.Ed.2d at 699. It has also held that the prosecution's exercise of peremptory challenges to targeted segments of the community violates the equal protection clause of the fourteenth amendment. *See Batson v. Kentucky,* 476 U.S. 79, 85–87, 106 S.Ct. 1712, 1716–18, 90 L.Ed.2d 69, 80–81 (1986).

■■■ A defendant challenging the composition of a jury panel must first establish a prima facie violation of the sixth amendment's fair cross-section requirement. *Duren,* 439 U.S. at 364, 99 S.Ct. at 668, 58 L.Ed.2d at 586–87. If a prima facie violation is established, the State has the burden of justifying this infringement by showing that the attainment of a fair cross section would be incompatible with a significant state interest. *Id.* at 368, 99 S.Ct. at 670–71, 58 L.Ed.2d at 589–90; *Taylor,* 419 U.S. at 533–35, 95 S.Ct. at 699–700, 42 L.Ed.2d at 700–01. A similar procedure has been provided in the case of a defendant claiming improper use of peremptory challenges to strike targeted segments of the community. *Batson,* 476 U.S. at 96, 106 S.Ct. at 1722–23, 90 L.Ed.2d at 87–88.

■■■ To establish a prima facie violation of the cross-section requirement, the defendant

must show (1) that the group alleged to be excluded is a "distinctive" group in the community; (2) that the representation of this group in venires from which juries are selected is not fair and reasonable in relation to the number of such persons in the community; and (3) that this underrepresentation is due to systematic exclusion of the group in the jury-selection process.

*Duren,* 439 U.S. at 364, 99 S.Ct. at 668, 58 L.Ed.2d at 586–87.

■■■ Under the first requirement for a prima facie case, it is clear that blacks are a distinctive group in the community for purposes of a cross-section analysis. *See Batson,* 476 U.S. at 94, 106 S.Ct. at 1721–22, 90 L.Ed.2d at 86. The second requirement under *Duren* is that a defendant show that the representation of this group on the jury panel is not fair and reasonable in relationship to the number of such persons in the community.

■■■ The third requirement is a showing that this underrepresentation is due to a systematic exclusion of the group in the jury selection process. *Duren,* 439 U.S. at 364, 99 S.Ct. at 668, 58 L.Ed.2d at 587. A court must ordinarily "consider all relevant circumstances" in assessing the defendant's prima facie case, *Batson,* 476 U.S. at 96, 106 S.Ct. at 1722–23, 90 L.Ed.2d at 88, and there is no constitutional requirement that a class be represented in exact proportions to the general population, *Hoyt v. Florida,* 368 U.S. 57, 69, 82 S.Ct. 159, 166–67, 7 L.Ed.2d 118, 126 (1961). Nevertheless, some cases of underrepresentation of a distinctive group have been so compelling that statistical proof of the imbalance is enough in itself to establish a prima facie case. In such a case, the defendant is apparently relieved of the burden of proving a systematic exclusion under the third test. *See, e.g., Castaneda v. Partida,* 430 U.S. 482, 495–96, 97 S.Ct. 1272, 1272, 51 L.Ed.2d 498, 511–12 (1977) (79.1% Mexican–American in population but only 39% were summoned for Grand Jury service held to establish prima facie case); *Machetti v. Linahan,* 679 F.2d 236, 240–41 (11th Cir.), *cert. denied,* 459 U.S. 1127, 103 S.Ct. 763, 74 L.Ed.2d 978 (1983) (jury panel included only eighteen percent women, although county population included fifty-four percent women; held to make prima facie

case); 2 C. Wright, *Federal Practice and Procedure* § 375, at 328 (1982) ("A sufficiently great disparity between the representation of a group in the population and its representation on jury panels is enough to make out a prima facie case ...").

Watkins stated to the court in his application for a hearing that

> it's our position at this time that we would challenge the jury panel for the fact that it lacks a make-up of minority candidates that is anywhere consistent or related to the percentage of minorities in this community.
>
> Inasmuch as Mr. Watkins is a black individual, it is our opinion that he should be entitled to have a cross section of the community from which to choose the jurors that are of his peers, and that the clerk's office and others associated with drawing the jury panel have failed to include a cross section of the community that would allow Mr. Watkins jury members who would constitute a jury of his peers.
>
> We feel that this challenge is based upon his Sixth Amendment right to the constitution of the United States, and [we] maintain that we should have a hearing to determine whether in fact there has been a conscious effort to exclude minority individuals from this jury panel.
>
> It's our understanding that there was only one minority in the entire panel for this month.

The assistant county attorney did not resist the application for a hearing.

The Supreme Court has expressed confidence in the ability of a trial judge to identify a prima facie case of racial discrimination. *Batson*, 476 U.S. at 99, 106 S.Ct. at 1724, 90 L.Ed.2d at 89 n. 22. But the court here did not rule, one way or the other, on whether Watkins had presented a prima facie case. It simply denied the request for a hearing, stating on the record that "I'm just going to overrule [the application] at this time and assume that you protected your record in that regard."

We hold that it was error for the court to deny Watkins an opportunity to make a prima facie showing of a denial of a cross section of the community.

III. *The Disposition.*

█ Federal cases which have found error in the trial court's disposition of this issue have generally remanded for further proceedings, usually including a hearing on the defendant's claim of a sixth amendment violation. In *United States v. Hughes*, 880 F.2d 101, 103–04 (8th Cir.1989), for example, the court held that a prima facie showing had been established by the defendant. The court remanded with instructions to the district court to hold a hearing to afford the government an opportunity to explain the exercise of its peremptory challenges, and then give the defendant an opportunity to show that any such reasons were pretextual. Similarly, in *United States v. Johnson*, 873 F.2d 1137, 1140 (8th Cir.1989), the court held that the defendant had established a prima facie case and remanded to allow the government to explain its peremptory challenges.

We believe the appropriate remedy in this case is to affirm on condition and remand the case to the district court for an evidentiary hearing on the sixth amendment issue. *See State v. Bailey*, 452 N.W.2d 181, 183 (Iowa 1990) (affirmed on condition and remanded for reopening of suppression hearing); *State v. Hrbek*, 336 N.W.2d 431, 437 (Iowa 1983) (affirmed on condition and remanded for voluntariness hearing); *State v. Johnson*, 272 N.W.2d 480, 485 (Iowa 1978) (affirmed on condition and remanded for *in camera* proceeding to determine if exculpatory evidence had been suppressed); *State v. Hall*, 235 N.W.2d 702, 731 (Iowa 1975) (affirmed on condition and remanded for *in camera* inspection of grand jury transcripts to determine if exculpatory evidence was suppressed).

█ If Watkins establishes a prima facie case, the State must show a justifiable reason for the disproportionate representation on the jury panel in the manner provided by *Duren*, 439 U.S. at 368, 99 S.Ct. at 670–71, 58 L.Ed.2d at 589–90; *Taylor*, 419 U.S. at 533–35, 95 S.Ct. at 699–700, 42 L.Ed.2d at 700–01.

If the trial court determines, upon presentation of the State's evidence, that the reasons are insufficient, or that they are merely pretextual, a new trial should be granted. If the trial court finds that the defendant has failed to establish a prima facie case, or that the State has justified a disproportionate representation of blacks on the jury, the judgment should be affirmed. Watkins' right to appeal from the district court's rulings is preserved.

We affirm the conviction on condition, remanding to the district court for further proceedings regarding the defendant's sixth amendment claim.

AFFIRMED ON CONDITION AND REMANDED.