**STATE of Iowa, Appellee,**

v.

**Anthony Lamont JOHNSON, Appellant.**

**No. 89–1181.**

Supreme Court of Iowa.

Oct. 16, 1991.

Linda Del Gallo, State Appellate Defender, and Patricia Reynolds Lapointe, Asst. State Appellate Defender, for appellant.

Bonnie J. Campbell, Atty. Gen., Richard J. Bennett, Asst. Atty. Gen., William E. Davis, County Atty., James D. Hoffman and Terri Sandeman, Asst. County Attys., for appellee.

Considered by McGIVERIN, C.J., and LARSON, NEUMAN, SNELL, and ANDREASEN, JJ.

McGIVERIN, Chief Justice.

Defendant Anthony Lamont Johnson appeals from the judgment and sentence entered by the Iowa district court for Scott County after his conviction by a jury of first-degree burglary, in violation of Iowa Code sections 713.1 and 713.3 (1989); second-degree sexual abuse, in violation of Iowa Code sections 709.1 and 709.3; and two counts of first-degree robbery, in violation of Iowa Code sections 711.1 and 711.2. Defendant contends that he did not receive a trial by a fair and impartial jury because

black persons were systematically excluded from the prospective juror pool. He also contends that the trial court erred by failing to give adequate reasons for imposing consecutive sentences. The court of appeals reversed the judgment of the district court and remanded for a new trial.

We, now, vacate the decision of the court of appeals and affirm the judgment of the district court.

I. *Background facts and proceedings.* From the evidence presented at trial, a jury could have found the following facts. On the evening of January 11, 1989, L.P. and her roommate P.S. were at home in their duplex in Davenport, Iowa. At around 8:30, they heard a knock at the front door. L.P. testified that when she was halfway to the door, a person whom she had never seen before entered the house. L.P. later identified the defendant as that person.

When the defendant entered the duplex, he was holding a gun and pointing it at L.P. He forced both L.P. and P.S. to lay down on the floor, threatened to kill them, and demanded their money. Defendant then grabbed L.P., made her empty her purse, and took her money. After he hit P.S. over the head with his gun, L.P. gave him money from P.S.'s purse. Defendant then took L.P. into the kitchen and forced her to perform an oral sex act on him.

The State filed a trial information charging defendant with one count of first-degree burglary, two counts of first-degree robbery, and one count of second-degree sexual abuse. All of these charges are class "B" felonies. *See* Iowa Code §§ 709.3, 711.2 and 713.3. A jury returned verdicts finding defendant guilty on all four counts.

Defendant, who is black, then filed a post-verdict motion in arrest of judgment or for new trial, alleging, *inter alia,* that systematic exclusion of black persons from the prospective juror pool deprived him of a fair and impartial trial by a jury of his peers. After a hearing, the district court overruled the motion. The court entered judgment on all four counts and sentenced defendant to a term of not more than twenty-five years on each count. *See* Iowa Code §§ 902.3 and 902.9(1). The two robbery sentences were to run concurrently, and three sentences were to run consecutively. *See* Iowa Code § 901.8. The result was a total indeterminate period of not more than seventy-five years.

On defendant's appeal, we transferred the case to the court of appeals. The court of appeals reversed defendant's conviction and remanded for a new trial. We granted further review and now consider the issues raised.

II. *Objections to the jury panel.* Defendant contends that systematic exclusion of black persons from the Scott County jury panel violated his state statutory right and state and federal constitutional rights to an impartial jury, and his federal constitutional rights to equal protection and due process of law. Iowa Code §§ 607A.1, 607A.2; U.S. Const. amends. VI, XIV; Iowa Const. art. I, §§ 6, 10.

The first issue we must consider is whether defendant's failure to object to the jury panel until after the jury was sworn waives his contention that the method of selecting juries in Scott County violates Iowa Code chapter 607A. We must next consider whether defendant's failure to object also waives consideration of his contention that Scott County's system violates provisions of the United States and Iowa constitutions.

■ A. *Statutory objection.* Iowa Code chapter 607A outlines, *inter alia,* the procedures county officials must follow when compiling county jury lists and selecting juries. Iowa Code section 607A.22 provides that, in preparing grand and petit jury lists, the appointive jury commission or jury manager shall use the current voter registration list, the current motor vehicle operators list, and "[a]ny other current comprehensive list of persons residing in the county, including but not limited to the lists of public utility customers, which the appointive jury commission or jury manager determines are useable for the purpose of a juror source list." Defendant asserts that Scott County officials violated these directives because they used only the current voter registration list and motor vehicle operators list in compiling the juror pool

from which defendant's petit jury was drawn.

When a party, such as defendant, in a criminal case wishes to make a challenge to a jury panel on the ground that it was compiled in violation of statutory requirements, that party must comply with the mandate of Iowa Rule of Criminal Procedure 17(3). Rule 17(3) provides, in part, that

> *[b]efore any juror is sworn for examination,* either party may challenge the panel, in writing, distinctly specifying the grounds, which can be founded only on a material departure from the statutory requirements for drawing or returning the jury.

(Emphasis supplied.) Under this rule, any challenge to the panel based on a departure from the statutory requirements for drawing or returning the jury must be raised prior to the time the jury panel is sworn for examination. *State v. Watkins,* 463 N.W.2d 411, 412–13 (Iowa 1990).

■ In the present case, defendant did not object to the jury panel until after the jury was sworn. More specifically, defendant first objected to the composition of the jury panel in his post-trial motion in arrest of judgment or for new trial. Furthermore, the motion failed to allege a violation of Iowa Code chapter 607A. However, even if the motion had alleged a violation of statutory directives, the challenge came too late to comply with the requirement of rule 17(3) that statutory challenges to the jury panel be made before the jury is sworn. Thus, defendant's failure to object to the jury panel in accord with rule 17(3) waives consideration on appeal of the issue whether the method of selecting juries in Scott County violated the requirements of Iowa Code section 607A.22.[1]

■ B. *Constitutional objection.* Rule 17(3) deals only with alleged defects in statutory procedures in the selection of jury panels. *Watkins,* 463 N.W.2d at 413. Thus, it does not purport to limit redress for alleged constitutional deprivations. *Id.* We now consider whether defendant's failure to object to the composition of the jury panel until his motion in arrest of judgment or for new trial also waived consideration of his constitutional challenges. *Id.* at 413–14.

■ As a general rule, objections to evidence must be raised at the earliest opportunity after the grounds for objection become apparent. *State v. Yaw,* 398 N.W.2d 803, 805 (Iowa 1987). Constitutional questions must be preserved in the same manner as any other issue. *Id.* No "plain error" rule exists to allow appellate review of allegations of deprivations of constitutional rights without requiring preservation by timely and adequate objections at trial. *Id. But see State v. Martin,* 385 N.W.2d 549, 552 (Iowa 1986) (where court demonstrated it was aware of defendant's purpose in objecting to State's motion in limine, defendant could later rely on Iowa R.Evid. 608 as a ground for objection, rather than Iowa R.Evid. 404, where defendant earlier had relied only on Iowa R.Evid. 404).

We have specifically held that any objection to the participation of a potential juror was waived where the defendant failed to object to the juror's presence until after the verdict was rendered. *State v. Doughty,* 397 N.W.2d 503 (Iowa 1986); *see also State v. Johnson,* 445 N.W.2d 337, 340 (Iowa 1989) (any objection defendant may have had concerning alleged bias of juror

---

**1.** Although we do not reach the merits of defendant's contentions, we believe county officials should implement the directives of Iowa Code chapter 607A. Jury commissions and jury managers should use the source lists described in sections 607A.3(9) and 607A.22 to fulfill their statutory duties under sections 607A.1 and 607A.2 to provide for jury service a fair cross-section of the population of the area served by the court.

We also note, however, that section 607A.22(3) allows some discretion by jury commissions and jury managers concerning their use of public utility customer and other lists in addition to voter registration and motor vehicle operators lists. Arguably, a third list should not be used if its use would skew the demographics of the panel or further dilute minority representation in the pool, thereby negating a fair cross-section of the population achievable by use of the voter registration and motor vehicle operators lists alone. *See* Iowa Code § 607A.1.

was waived where no objection was made during voir dire).

■ Here, defendant did not object to the composition of the jury panel until his post-verdict motion in arrest of judgment or for new trial. The timing of this objection cannot be said to have been raised "at the earliest opportunity" after the grounds therefore became apparent. *Yaw,* 398 N.W.2d at 805. Defendant had ample opportunity to view the jury panel during the jury selection process, but failed to object to it during this time or even during trial. Defendant cannot now urge a ground for reversal in his post-verdict motion not urged during trial. *See Ragee v. Archbold Ladder Co.,* 471 N.W.2d 794, 798 (Iowa 1991) (motion for judgment notwithstanding the verdict must stand on grounds raised in the earlier motion for directed verdict); *Valadez v. City of Des Moines,* 324 N.W.2d 475, 477 (Iowa 1982) (same); *State v. Gibb,* 303 N.W.2d 673, 678, 679–80 (Iowa 1981) (objection was not timely where issue was first raised in motion in arrest of judgment); *State v. Droste,* 232 N.W.2d 483, 488 (Iowa 1975) (grounds of a motion for new trial must stand or fall on exceptions taken at trial and a party cannot in a post verdict motion amplify or add new grounds as a basis for relief).

For us to hold otherwise would ignore one of the purposes of the preservation requirement, which is to give notice to the court and opposing counsel. *State v. Tobin,* 333 N.W.2d 842, 844 (Iowa 1983). Making objections at the earliest possible opportunity gives a trial court the opportunity to take any necessary corrective action at a time when correction is still possible. *Gibb,* 303 N.W.2d at 680.

A post-verdict motion challenging the jury panel simply comes too late to comply with the policies behind the preservation requirement. At the time of defendant's motion, the only corrective action the trial court could have taken would have been to sustain the motion for new trial and conduct a second trial in front of a second jury. To avoid such a waste of judicial resources at that stage, it was incumbent upon defendant to lodge his objection at the earliest possible opportunity. Indeed, we will not allow defendant to "gamble on the verdict and then complain." *State v. Thompson,* 326 N.W.2d 335, 338 (Iowa 1982).

We note that our conclusion accords with cases from other jurisdictions holding that a defendant's failure to timely object to a prosecutor's alleged discriminatory use of peremptory challenges waives consideration of the issue on appeal. *See generally Smith v. State,* 574 So.2d 1195, 1196–97 (Fla.Dist.Ct.App.1991); *Ponder v. State,* 194 Ga.App. 446, 390 S.E.2d 869 (1990), *rev'd on other grounds,* 260 Ga. 840, 400 S.E.2d 922 (1991); *People v. Williams,* 174 Mich.App. 132, 137, 435 N.W.2d 469, 472 (1989); *State v. English,* 795 S.W.2d 610, 611–12 (Mo.App.1990); *Mathews v. State,* 768 S.W.2d 731 (Tex.Crim.App.1989); *State v. Waites,* 158 Wis.2d 376, 392, 462 N.W.2d 206, 212 (1990). *Cf. People v. Ashley,* 207 Ill.App.3d 984, 152 Ill.Dec. 868, 566 N.E.2d 745 (1991).

■ Finally, defendant argues that he did in fact lodge a timely objection to the composition of the jury panel during the second day of trial. Assuming, without deciding, that an objection to the composition of a jury panel on the second day of trial is timely, we do not agree with defendant's contention because we do not believe an objection was even made.

On the morning of the second day of trial, the following record was made:

THE COURT: And, incidentally, while we're making records, would you mind stipulating—both of you—and I'll ask you in turn to stipulate and agree—that the jury in this case was selected and sworn in accordance with the law?

MR. HOFFMAN [for the State]: I would stipulate they were, Your Honor.

MR. GIESE [for defendant]: There was one point brought up by the defendant—I don't know if this is what you're getting at—

THE COURT: Tell me.

MR. GIESE: He was somewhat concerned at the lack of any black persons in the panel.

THE COURT: Okay.

MR. GIESE: It was a little late at the time that it was brought to my attention.

Both parties went on to stipulate that the jury was selected in accordance with the law. Defense counsel made no objection whatsoever to the jury panel. Defendant argues on appeal, however, that when both counsel and court are aware of the grounds that are now urged for reversal, the issue is nonetheless preserved for review. *Cf. Martin*, 385 N.W.2d at 552. However, even assuming that both counsel and the trial court were in fact aware of defendant's observation, defendant did not urge that ground by way of an objection. Furthermore, defendant's argument is contrary to the general rule, stated above, that no "plain error" rule exists to allow appellate review of allegations of deprivations of constitutional rights without requiring preservation of error by timely and adequate objection. *Yaw*, 398 N.W.2d at 805.

Accordingly, we find no preserved error as to this assignment.

III. *Imposition of consecutive sentences.* Johnson contends that the trial court abused its discretion by failing to state sufficient reasons on the record for imposing consecutive sentences totaling a period of not more than seventy-five years. We disagree.

Pursuant to Iowa Code section 901.8, a sentencing judge may impose consecutive sentences for two or more separate offenses. A sentencing court also must state on the record its reasons for selecting a particular sentence. Iowa R.Crim.P. 22(3)(d).

■ A sentence will be disturbed by a reviewing court only upon a showing that the trial court abused its discretion. *State v. Neary*, 470 N.W.2d 27, 29 (Iowa 1991). No abuse of discretion will be found unless the defendant shows that such discretion was "exercised on grounds or for reasons clearly untenable or to an extent clearly unreasonable." *Id.* Furthermore, in exercising its discretion, a trial court is to weigh all pertinent matters in determining a proper sentence, including the nature of the offense, the attending circumstances,

the defendant's age, character, and propensities or chances for reform. *State v. Hildebrand*, 280 N.W.2d 393, 396 (Iowa 1979).

■ We cannot say the trial court abused its discretion in imposing consecutive sentences upon defendant. More specifically, the reasons which the trial court stated on the record for imposing its sentence were not "clearly untenable" or "clearly unreasonable." The trial court indicated that it considered the fact that the convictions for burglary and robbery were "separate and independent crimes;" that everyone has the right to be secure in his or her home and from the threat or use of force; that defendant could have left the victims' home after the burglary and robbery but instead "chose to enjoy himself" and did so at the "utmost humiliation" of L.P.; and that defendant insisted that since he was enjoying the situation, L.P. should likewise enjoy it.

Based on this record, the trial court did not abuse its discretion in concluding that consecutive sentences "fit both the crime and the individual." *Id.* at 396.

The judgment of the trial court is affirmed.

DECISION OF COURT OF APPEALS VACATED; JUDGMENT OF DISTRICT COURT AFFIRMED.