# IN THE COURT OF APPEALS OF IOWA

No. 12-2150
Filed December 24, 2014

**MARK A. WILSON,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Webster County, Kurt L. Wilke, Judge.

Applicant appeals the district court order denying his request for postconviction relief from his convictions for first-degree murder and second-degree theft. **AFFIRMED.**

Douglas Cook of Cook Law Office, Jewell, for appellant.

Thomas J. Miller, Attorney General, Linda J. Hines, Assistant Attorney General, and Ricki N. Osborn, County Attorney, for appellee.

Considered by Vogel, P.J., Potterfield, J., and Eisenhauer, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2013).

**EISENHAUER, S.J.**

Applicant Mark Wilson appeals the district court order denying his request for postconviction relief from his convictions for first-degree murder and second-degree theft. All Wilson's claims are based on alleged ineffective assistance of trial or postconviction counsel. We affirm the district court.

### I. Background Facts & Proceedings.

Wilson was convicted of first-degree murder and second-degree theft. The State alleged Wilson killed his girlfriend, Joni Manning, and stole her car, a gold Mustang, after she told friends she planned to break up with Wilson. Wilson's convictions were affirmed on appeal. *State v. Wilson*, No. 10-0727, 2011 WL 1584719, at *1 (Iowa Ct. App. Apr. 27, 2011). We found there was overwhelming evidence of Wilson's guilt, noting "at the scene of the crime, Wilson's DNA was found in blood on many objects and his fingerprints were found in a substance believed to be blood." *Id.* at *8.

Wilson filed an application for postconviction relief on July 22, 2011, claiming he received ineffective assistance from trial and appellate counsel on several grounds. After a hearing, the district court issued a decision on November 27, 2012, denying Wilson's request for postconviction relief. The court found Wilson had not shown he received ineffective assistance due to counsel's failure to (1) object to juror Daniel Crawford remaining on the jury after he stated he knew one of the State's witnesses, (2) object to allegedly incriminating statements Wilson made prior to receiving a *Miranda* warning, or (3) give him adequate advice on whether to testify.

Wilson filed a notice of appeal on November 30, 2012. He filed a pro se motion for reconsideration, pursuant to Iowa Rule of Civil Procedure 1.904(2), on December 5, 2012, asserting the district court failed to address several of his claims of ineffective assistance of counsel. The district court ruled on the motion, but that ruling is not part of the present record on appeal because the district court did not have jurisdiction to rule on it. *See IBP, Inc. v. Al-Gharib*, 604 N.W.2d 621, 628 (Iowa 2000) (noting the filing of a notice of appeal extinguishes the district court's jurisdiction to rule on a posttrial motion).

## II. Standard of Review.

We review claims of ineffective assistance of counsel de novo. *Ennenga v. State*, 812 N.W.2d 696, 701 (Iowa 2012). To establish a claim of ineffective assistance of counsel, an applicant must show (1) the attorney failed to perform an essential duty and (2) prejudice resulted to the extent it denied the applicant a fair trial. *State v. Carroll*, 767 N.W.2d 638, 641 (Iowa 2009). An applicant has the burden to show by a preponderance of the evidence counsel was ineffective. *See State v. McKettrick*, 480 N.W.2d 52, 55 (Iowa 1992).

## III. Ineffective Assistance.

**A.** On appeal, Wilson contends he received ineffective assistance because his defense counsel did not challenge the jury panel on the ground of racial bias. He asserts it was critical for there to be a fair cross-section of the population in his jury panel. Wilson claims he was denied an impartial jury.

Although this issue was raised in Wilson's application for postconviction relief, the district court did not rule upon it. As noted above, Wilson did not file a timely posttrial motion bringing the issue to the court's attention. His motion was

filed after he had already filed a notice of appeal, and therefore, the district court did not have jurisdiction to rule upon his motion. *See I.B.P.*, 604 N.W.2d at 628. Thus, there is no district court ruling on this issue for us to consider and the issue has not been preserved on appeal. *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002) ("It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal.").

**B.** Wilson raises an alternative claim asserting he received ineffective assistance because postconviction counsel did not establish the racial makeup and profile of the jury panel. In his appellate brief, Wilson states, "no record exists of the makeup of the jury panel, how it was selected, or how peremptory strikes were chosen." A party challenging the composition of a jury panel must establish a prima facie violation of the requirement the jury panel represents a fair cross-section of the community. *State v. Watkins*, 463 N.W.2d 411, 414 (Iowa 1990). If a "distinctive" group is underrepresented, the party must show this is due to systematic exclusion in the jury selection process. *Id.*

During the postconviction hearing, postconviction counsel questioned defense counsel on the issue of why she had not challenged the jury panel based on the lack of minorities. Defense counsel responded, "I don't think I saw it as an issue, that there was anything to challenge. I had no knowledge of the jury being selected in an improper manner." Wilson has not proposed what other evidence postconviction counsel could have presented, what the possible evidence could have shown, or how such possible evidence could have supported his application for postconviction relief. *See Dunbar v. State*, 515

N.W.2d 12, 15 (Iowa 1994). We conclude he has not adequately shown he received ineffective assistance from postconviction counsel.

**IV. Pro Se Issues.**

In a pro se brief, Wilson has raised a number of issues claiming he received ineffective assistance of counsel. He claims he received ineffective assistance based on trial counsel's failure to (1) move to suppress statements he made before he was advised of his *Miranda* rights; (2) challenge the composition of the jury panel; (3) question the jury panel on the issue of racial bias; (4) act to remove certain jurors; (5) challenge prosecutorial misconduct; (6) give adequate advice on testifying at the criminal trial; and (7) argue the verdict was contrary to the weight of the evidence in the motion for new trial. He also claims he received ineffective assistance from appellate counsel based on counsel's failure to (8) raise the issue of ineffective assistance of trial counsel; (9) challenge the district court's ruling excluding evidence of domestic assault by other partners of the victim; and (10) challenge the district court's ruling on his motion for judgment of acquittal.

Only three of these issues—(1), (4), and (6)—were addressed by the district court in its ruling on the application for postconviction relief. We have already addressed issue (2) above. Because there is no district court ruling on the other issues for us to consider, the issues have not been preserved on appeal. *See Meier*, 641 N.W.2d at 537. We conclude issues (3), (5), (7), (8), (9), and (10) have not been preserved for our review.

On issue (1), Wilson did not present evidence he made any incriminating statements before he was advised of his *Miranda* rights. As to issue (4), Juror

Crawford testified at the postconviction hearing he worked at the same location as one of the witnesses for the State. Crawford stated he had never talked directly with the witness about the case and did not know any specifics or details about the case.[1] On issue (6), when Wilson was asked what he would have testified to at his criminal trial he responded, "I don't know what I would have testified to now." He stated he would have told the jury, "That I didn't do that." We agree with the district court's conclusion Wilson failed to show he received ineffective assistance due to counsel's failure to raise objections on issues (1), (4), and (6). "We will not find counsel incompetent for failing to pursue a meritless issue." *State v. Brothern*, 832 N.W.2d 187, 192 (Iowa 2013).

We affirm the decision of the district court denying Wilson's application for postconviction relief.

**AFFIRMED.**

---

[1] On appeal, Wilson claims defense counsel should have acted to remove four other jurors in addition to Crawford. The district court's ruling only addresses claims about Crawford. We conclude error has not been preserved on Wilson's claims regarding the other jurors.