**IN THE COURT OF APPEALS OF IOWA**

No. 14-0404
Filed July 9, 2015

**CHARLES WATKINS,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Polk County, Douglas F. Staskal,

Judge.

A defendant appeals the dismissal of his petition for postconviction relief.

**AFFIRMED.**

Angela Campbell of Dickey & Campbell Law Firm, P.L.C., Des Moines, for

appellant.

Thomas J. Miller, Attorney General, Jean C. Pettinger, Assistant Attorney

General, John P. Sarcone, County Attorney, and Jaki Livingston, Assistant

County Attorney, for appellee State.

Considered by Danilson, C.J., and Vaitheswaran and Doyle, JJ.

**VAITHESWARAN, J.**

In 1989, a jury found Charles Watkins guilty of first-degree kidnapping and second-degree theft. The Iowa Supreme Court conditionally affirmed his conviction subject to a remand for further proceedings with respect to a constitutional claim. *See State v. Watkins*, 463 N.W.2d 411, 416 (Iowa 1990). On appeal from the remand decision, this court affirmed the district court's denial of the constitutional claim. *See State v. Watkins*, 494 N.W.2d 438, 441 (Iowa Ct. App. 1992). Years later, the district court also affirmed the denial of one of Watkins's postconviction-relief applications. *See Watkins v. State*, No. 05-1844, 2006 WL 3019294, at *2-3 (Iowa Ct. App. Oct. 25, 2006).

In his most recent postconviction-relief application, filed in 2012, Watkins alleged the district court omitted a definitional instruction on the removal element of the kidnapping charge. The postconviction court concluded the application was barred by Iowa Code section 822.3 (2013). That provision requires postconviction applications to be filed "within three years from the date the conviction or decision is final or, in the event of an appeal, from the date the writ of procedendo is issued."

Watkins invoked a statutory exception to the time bar for "a ground of fact or law that could not have been raised within the applicable time period." Iowa Code § 822.3. The postconviction court found the exception inapplicable because Watkins raised the jury-instruction issue without the assistance of counsel and "he offer[ed] no reason why he could not have himself raised this

issue within the period of limitations, without any assistance of counsel."[1] Watkins appealed.

We discern no error in the postconviction court's analysis under section 822.3. *See Wilkins v. State*, 522 N.W.2d 822, 824 (Iowa 1994) ("A reasonable interpretation of the statute compels the conclusion that exceptions to the time bar would be, for example, . . . a ground that the applicant was at least not alerted to in some way."). We also find unavailing Watkins's attempt to package his argument as an ineffective-assistance-of-counsel claim in hopes of bringing himself within the exception to the time-bar. *See id.* (rejecting this tactic).

Nor are we persuaded by Watkins's contention that we should treat his challenge to the jury instruction as a challenge to the legality of his sentence, which may be raised at any time. *See* Iowa R. Crim. P. 2.24(5). This court addressed an identical argument in *Jones v. State*, 858 N.W.2d 32, 33 (Iowa Ct. App. 2014). We concluded "[c]hallenges to jury instructions do not implicate the legality of a sentence." 858 N.W.2d at 33.

Finally, Watkins contends "if the court finds [he] is time barred, Iowa law violates Watkins's constitutional rights to be able to challenge an illegal conviction at any time." The district court did not address this argument. Accordingly, the argument is not preserved for our review. *See Goosman v. State*, 764 N.W.2d 539, 545 (Iowa 2009).[2]

---

[1] The court alternatively denied Watkins's claim on the merits.

[2] Watkins suggests a recent United States Supreme Court opinion, *Alleyne v. United States*, 133 S. Ct. 2151 (2013), "now renders convictions unconstitutional that before were upheld." In *Alleyne*, the Court held "facts that increase mandatory minimum sentences must be submitted to the jury." 133 S. Ct. at 2163. We assume Watkins is arguing this is a "ground of law" not available to him within the limitations period. The Iowa Supreme Court addressed the "ground of law" exception to section 822.3 in *Phuoc*

We affirm the district court's dismissal of Watkins's 2012 postconviction-relief application on statute of limitations grounds.

**AFFIRMED.**

---

*Thanh Nguyen v. State*, 829 N.W.2d 183 (Iowa 2013). The court recognized the exception envisioned "a category of legal claims that were viewed as fruitless at the time but became meritorious later." *Nguyen*, 829 N.W.2d at 188. Watkins's jury instruction challenge does not fall into this category. As Watkins concedes, precedent at the time of his trial and thereafter highlighted the precise issue he now raises. *See State v. Doughty*, 359 N.W.2d 439, 441 (Iowa 1984) (stating defendant "was entitled to the submission of an instruction pointing out the removal or confinement necessary for first-degree kidnapping"). Accordingly, it would not have been fruitless to raise the instructional issue at trial or within the three-year limitations period.