# IN THE COURT OF APPEALS OF IOWA

No. 14-0454
Filed June 15, 2016

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**DARRELL RICARDO BOLDEN,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Linn County, Mitchell E. Turner, Judge.

Darrell Bolden appeals from his conviction after jury trial for attempted burglary in the second degree as an habitual offender. **AFFIRMED.**

Webb L. Wassmer of Wassmer Law Office, P.L.C., Marion, for appellant.

Thomas J. Miller, Attorney General, and Kelli Huser and Katherine Krickbuam (until her withdrawal), Assistant Attorneys General, for appellee.

Considered by Danilson, C.J., and Vaitheswaran and Tabor, JJ.

**DANILSON, Chief Judge.**

Darrell Bolden appeals from his conviction after jury trial for attempted burglary in the second degree in violation of Iowa Code section 713.6 (2011), as an habitual offender as defined by section 902.8. He contends that the jury panel failed to comply with federal and state constitutional requirements, there was insufficient evidence to support the verdict, and the district court lacked jurisdiction, and utilized an improper jury instruction. Because error is not preserved as to the issues raised, we affirm.

Juan Trevino testified that on September 11, 2012, he witnessed Bolden enter a neighboring attached garage and begin rummaging through the vehicle parked inside. Trevino went to the garage to confront Bolden and after the confrontation, a scuffle ensued. As a result of the incident, Bolden was charged by trial information with burglary in the second degree and being an habitual offender on October 5, 2012.

After a jury trial held May 13–14, 2013, Bolden was found guilty of attempted burglary in the second degree as an habitual offender. Bolden filed a motion for new trial on May 20, followed by a supplemental motion for new trial filed by Bolden's attorney. The district court overruled the motion and supplemental motion and imposed a sentence of fifteen years.

Bolden now appeals. The appellant's brief asserts Bolden's constitutional right to trial by a jury selected from a fair cross-section of the community was violated because the jury venire contained no minorities. The brief also concedes that any ineffective-assistance-of-counsel claims raised should be preserved for postconviction relief. In his pro se brief, Bolden raises the

additional issues of insufficient evidence, improper jurisdiction, and improper jury instruction.

Bolden contends the systematic exclusion of minorities from the jury venire violated his constitutional right to an impartial jury. However, "[a]s a general rule, objections to evidence must be raised at the earliest opportunity after the grounds for objection become apparent. Constitutional questions must be preserved in the same manner as any other issue." *State v. Johnson*, 476 N.W.2d 330, 333 (Iowa 1991). Because Bolden failed to object to the composition of the jury panel until the motion for new trial, the objection is waived. *See id.* at 334 ("A post-verdict motion challenging the jury panel simply comes too late to comply with the policies behind the preservation requirement.").

Error is also not preserved with respect to Bolden's pro se claims asserting insufficient evidence, improper jurisdiction, and improper jury instruction. None of these issues were raised or ruled on by the district court. *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002) ("It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal."). Here, the record is not adequate to address the issues, which must be raised in the context of an ineffective-assistance claim, and trial counsel should have an opportunity to respond to the claims. *State v Truesdell*, 679 N.W.2d 611, 615–16 (Iowa 2004).

Because error is not preserved as to the issues raised, we affirm the conviction. Bolden's ineffective-assistance-of-counsel claims are preserved for a potential postconviction-relief proceeding.

**AFFIRMED.**