**IN THE COURT OF APPEALS OF IOWA**

No. 15-1439
Filed January 11, 2017

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**LAMONT COLEMAN,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Black Hawk County, Joseph M. Moothart (suppression) and James D. Coil (trial), District Associate Judges.

A defendant appeals following his conviction contending the court should have granted his motion to suppress, there is insufficient evidence to support his conviction, and his counsel was ineffective. **AFFIRMED.**

Jane M. White of Jane White Law Office, Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Timothy M. Hau, Assistant Attorney General, for appellee.

Considered by Doyle, P.J., Tabor, J., and Scott, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2017).

**SCOTT, Senior Judge.**

Lamont Coleman was convicted following a jury trial of operating while intoxicated and possession of marijuana. He claims the court should have granted his motion to suppress evidence because the officer who initiated the traffic stop did not have probable cause to justify the stop. He asserts there was insufficient evidence to support the jury's guilty verdict on possession of marijuana. He also claims his counsel was ineffective in failing to subpoena a necessary defense witness or request a continuance to secure the presence of the witness. We affirm his conviction.

**I. Scope and Standard of Review.**

Our review of the district court's denial of Coleman's motion to suppress is de novo. *See State v. Ruhs*, 885 N.W.2d 822, 825 (Iowa Ct. App. 2016). We consider the entire record, and "[w]e give deference to the district court's fact findings due to its opportunity to assess the credibility of witnesses, but we are not bound by those findings." *Id.* (citation omitted). We also review de novo his claim that counsel was ineffective. *See State v. Schlitter*, 881 N.W.2d 380, 388 (Iowa 2016). Our review of the sufficiency of the evidence is for the correction of errors at law. *Id.*

**II. Motion to Suppress.**

Coleman contends the officer who initiated the stop of his vehicle did not have probable cause to justify the stop. Thus, he contends the court should have granted his motion to suppress all evidence.

The evidence admitted at trial[1] indicates Sergeant Rob Camarata was conducting a traffic stop of another vehicle on March 29, 2014, at about 2:45 a.m., when he observed a silver Chevrolet Blazer traveling at a high rate of speed—he estimated at seventy miles per hour. As it passed him, it nearly collided with his police vehicle. He radioed to other officers a description of the vehicle and its direction. Officer Tyler Brownell heard that communication and observed a silver Blazer pass his location. After confirming with Sergeant Camarata the description of the vehicle, Officer Brownell pursued the vehicle and was able to determine by using his vehicle's radar system that the Blazer was going fifty-three miles per hour in a forty-five mile-per-hour zone. Officer Brownell radioed the speed and location information to other officers in area. Officer Josh Wessels heard that communication, located the vehicle, and initiated a traffic stop. Coleman was the driver of the Blazer.

In denying Coleman's motion to suppress, the district court found:

> [T]he investigatory stop of [Coleman's] vehicle by Officer Wessels was based on specific and articulable facts to reasonably believe that [Coleman] was exceeding the speed limit based on the report from [Sergeant] Camarata and Officer Brownell's radar reading of [fifty-three] miles per hour in a [forty-five] mile-per-hour zone. Officer Wessels could rely on observations reported by other officers. *State v. Schubert*, 346 N.W.2d 30, 32 (Iowa 1984).

On appeal, Coleman maintains Officer Wessels lacked probable cause to justify the stop of his vehicle. We conclude the district court correctly denied Coleman's motion to suppress. "[W]here law enforcement authorities are

---

[1] *See State v. Brooks*, 760 N.W.2d 197, 203–04 (Iowa 2009) ("Under Iowa law, an appellate court reviewing the validity of a search may consider not only evidence admitted at the suppression hearing, but also evidence admitted at trial.").

cooperating in an investigation, . . . the knowledge of one is presumed shared by all." *Id.* (citation omitted).

> [I]n order to uphold an investigatory stop based upon a communication between law enforcement officers it must be shown that (1) the officer making the stop acted in objective reliance on the communication, (2) the agency which issued the communication possessed a reasonable suspicion justifying a stop, and (3) the stop which was made was not significantly more intrusive than would have been permitted the agency issuing the communication.

*State v. Bailey*, 452 N.W.2d 181, 183 (Iowa 1990), *abrogated on other grounds by State v. Heminover*, 619 N.W.2d 353 (Iowa 2000). Here, Sergeant Camarata and Officer Brownell both observed Coleman exceeding the speed limit, which would have given both officers probable cause to stop Coleman's vehicle. *See State v. Tague*, 676 N.W.2d 197, 201 (Iowa 2004) ("When a peace officer observes a violation of our traffic laws, however minor, the officer has probable cause to stop a motorist."). Both officers communicated that information to Officer Wessels, who effectuated the stop relying on that communication. The stop conducted by Officer Wessels was not any more intrusive than the stop that could have been conducted by Sergeant Camarata and Officer Brownell. We find no Fourth Amendment violation in Officer Wessels's stop of Coleman's vehicle and the district court correctly denied Coleman's motion to suppress.

**III. Sufficiency of the Evidence.**

Next, Coleman challenges the sufficiency of the evidence to support his conviction for possession of marijuana. He claims the marijuana found in the car was in a location where all three occupants of the car could reach it and it was out of plain view. He notes he did not make any suspicious moves, did not make

any admissions indicating he was aware of the drugs in the car, and did not have any personal items with the drugs. He finally notes the passengers were left in the car for twenty minutes while he performed field sobriety tests, allowing the passengers plenty of time to stash the marijuana undetected.

The facts produced at trial indicate that upon contacting Coleman, Officer Wessels noted the vehicle was filled with smoke; there was a smell of burnt marijuana; Coleman had watery, bloodshot eyes; and he smelled of an alcoholic beverage. Coleman performed field sobriety tests as directed by Officer Wessels, and Officer Brownell and Sergeant Camarata kept watch over the other two passengers, who remained in the car. Eventually, officers had the passengers exit the vehicle to conduct a search in light of the strong smell of burnt marijuana. A small wooden box containing marijuana was located between the center console and the driver's seat. A marijuana pipe was located on the floor of the front passenger seat.

To prove Coleman was in possession of marijuana, the jury was instructed the State had to prove: "1. On or about the 29th day of March 2014, the defendant, Lamont Coleman, knowingly or intentionally possessed marijuana. 2. The defendant knew that the substance he possessed was marijuana." The jury instructions defined possession to include actual and constructive possession. Constructive possession was defined as, "A person who is not in actual possession but who has knowledge of the presence of something and has the authority or right to maintain control of it, either alone or together with someone else." When the location searched is a motor vehicle, as in this case, additional factors are considered in determining whether the defendant had constructive

possession. *State v. Carter*, 696 N.W.2d 31, 39 (Iowa 2005). Those factors include:

> (1) was the contraband in plain view, (2) was it with the accused's personal effects, (3) was it found on the same side of the car seat as the accused or immediately next to him, (4) was the accused the owner of the vehicle, and (5) was there suspicious activity by the accused.

*Id.*

In this case, we conclude there was sufficient evidence to prove Coleman possessed marijuana. While the wooden box was not in plain view or located with Coleman's personal effects, it was found on his side of the vehicle, immediately next to his seat, wedged down between the driver's seat and the center console. He was the owner of the vehicle, and the officers on scene kept watch over the passengers while Coleman was performing the field sobriety tests. The officers testified that they would have been able to see if either the front seat or backseat passenger attempted to place the wooden box between the driver's seat and the center console. Upon our review of all the facts and circumstances, viewed in the light most favorable to the verdict, we conclude there was "a reasonable inference that [Coleman] knew of the [controlled substance's] presence and had control and dominion over [it]." *See id.* at 39–40 (second and third alterations in original) (citation omitted).

## IV. Ineffective Assistance of Counsel.

Finally, Coleman asserts his counsel provided ineffective assistance during trial when counsel failed to subpoena the passenger in the backseat of the car. Coleman notes his counsel attempted to solicit testimony from Officer Brownell as to what the backseat passenger said at the scene. The State

objected to the testimony based on hearsay, and because defense counsel had not established the backseat passenger was unavailable, pursuant to Iowa Rule of Evidence 5.804(a), the court did not admit the testimony from Officer Brownell. On appeal, Coleman claims the backseat passenger's statements could have provided evidence that Coleman was not the individual in possession of the marijuana. He asserts if the backseat passenger was available by subpoena, and if his testimony would have created reasonable doubt as to the possession charge, then Coleman was prejudiced by counsel's failure to issue the subpoena or request a continuance of the trial so the backseat passenger could be located.

To prove his claim of ineffective assistance of counsel, Coleman must establish by a preponderance of the evidence that (1) counsel failed to perform an essential duty and (2) he suffered prejudice as a result. *State v. Morgan*, 877 N.W.2d 133, 136 (Iowa Ct. App. 2016). "We generally preserve such claims for postconviction-relief proceedings where a proper record can be developed." *Id.*

This claim must be preserved for possible postconviction relief because it is unclear based on this record what, if any, testimony this backseat passenger could have offered as to the marijuana at issue or whether issuing a subpoena would have made him "unavailable" under rule 5.804, such that Officer Brownell's testimony could have come into evidence. In addition, defense counsel may have had strategic reasons for not subpoenaing this witness. *See State v. Fountain*, 786 N.W.2d 260, 266 (Iowa 2010) (noting strategic decisions are virtually unchallengeable unless counsel's trial strategies are based on an investigation that is "less than complete"); *State v. Kirchner*, 600 N.W.2d 330, 335 (Iowa Ct. App. 1999) ("Even a lawyer is entitled to his day in court, especially

when his professional reputation is impugned." (citation omitted)).  Because the record is inadequate on direct appeal to resolve this claim, it is preserved for possible postconviction-relief proceedings.

**AFFIRMED.**