# IN THE COURT OF APPEALS OF IOWA

No. 15-2184
Filed May 3, 2017

**STATE OF IOWA,**
     Plaintiff-Appellee,

**vs.**

**SHAWN KALE NICKERSON,**
     Defendant-Appellant.
_____

Appeal from the Iowa District Court for Des Moines County, John M. Wright, Judge.

A defendant appeals the sentences imposed following his pleas of guilty to possession of a firearm by a felon and possession of methamphetamine. **SENTENCES AFFIRMED IN PART, VACATED IN PART, AND REMANDED FOR RESENTENCING.**

Ryan J. Mitchell of Orsborn, Milani, Mitchell & Goedken, L.L.P., Ottumwa, for appellant.

Thomas J. Miller, Attorney General, and Bridget A. Chambers, Assistant Attorney General, for appellee.

Considered by Potterfield, P.J., and Doyle and Tabor, JJ.

**TABOR, Judge.**

Shawn Nickerson appeals the sentences imposed following his guilty pleas to possession of a firearm by a felon and possession of methamphetamine. He contends the district court abused its discretion by failing to give reasons for rejecting probation or for ordering his prison sentences to run consecutively. We find the district court provided ample rationale for imposing incarceration, but because the district court failed to offer any reasons for consecutive sentences, we vacate that portion of the order and remand for a new sentencing hearing.

## I.     Facts and Prior Proceedings

On July 22, 2015, the State charged Nickerson with two counts of possession of a firearm by a felon, a class "D" felony, in violation of Iowa Code section 724.26(1) (2015), and one count of possession of a controlled substance (methamphetamine), third offense, a class "D" felony, in violation of section 124.401(5). At a pretrial conference on October 6, the parties reached a plea agreement. The State agreed to dismiss one of the firearm-possession counts, and Nickerson agreed to plead guilty to the other firearm-possession count and an amended count of possession of a controlled substance, second offense, an aggravated misdemeanor. The parties acknowledged sentencing would be "open," but they agreed the State would recommend concurrent terms of incarceration and Nickerson would ask for probation at the sentencing hearing.

At the November 23, 2015 sentencing hearing, the State, consistent with the plea agreement, asked the court to order incarceration with the two sentences to run concurrently. Nickerson, through counsel, requested the court suspend his sentences and order him to be placed at a residential correctional

facility as part of his probation. Nickerson also addressed the court personally. He expressed remorse but also attributed his criminal behavior to his desire to "help"—Nickerson claimed he had been planning to sell guns and other items to get money for his family—and to cope with a medical condition as he felt using methamphetamine helped alleviate his symptoms of multiple sclerosis.

Following Nickerson's statement, the district court imposed a period of incarceration not to exceed five years on the firearm-possession count and a period of incarceration not to exceed two years on the controlled-substance count, to be served consecutively. Nickerson appeals his sentences.

## II.     Standard and Scope of Review

We review a district court's sentencing decision for an abuse of discretion. *See State v. Hill*, 878 N.W.2d 269, 272 (Iowa 2016). "A district court abuses its discretion when it exercises its discretion on grounds clearly untenable or to an extent clearly unreasonable." *Id.* We consider a district court's reasoning "untenable when it is not supported by substantial evidence or when it is based on an erroneous application of the law." *See id.*

## III.     Analysis

Nickerson argues the district court abused its discretion by sentencing him to prison without providing any rationale for its choice. The State disagrees, quoting a lengthy excerpt from the hearing in which the district court explained the multiple factors behind its sentencing decision.

At sentencing, "the district court must 'weigh all pertinent matters in determining a proper sentence, including the nature of the offense, the attending circumstances, the defendant's age, character, and propensities or chances for

reform.'" *State v. Thacker*, 862 N.W.2d 402, 405 (Iowa 2015) (quoting *State v. Johnson*, 476 N.W.2d 330, 335 (Iowa 1991)). The court is also required to state on the record its reasons for selecting the particular sentence. Iowa R. Crim. P. 2.23(3)(d). Both these requirements "ensure[] defendants are well aware of the consequences of their criminal actions" and "afford[] our appellate courts the opportunity to review the discretion of the sentencing court." *Hill*, 878 N.W.2d at 273 (quoting *State v. Thompson*, 856 N.W.2d 915, 919 (Iowa 2014)).

The district court satisfied these requirements. While the court did not provide reasons for imposing incarceration in its written judgment, the court spoke extensively about its rationale for imposing incarceration at the sentencing hearing. *See Thompson*, 856 N.W.2d at 919 (stating the district court may satisfy the Iowa Rule of Criminal Procedure 2.23(3)(d) requirement "by orally stating the reasons on the record or placing the reasons in the written sentencing order").

The district court explained it had considered Nickerson's age, thirty-two; the specific facts of the case; and Nickerson's sizeable criminal record, which included past convictions for voluntary absence, assault on a peace officer, and domestic abuse. The court acknowledged the presentence investigation (PSI) report, which recommended incarceration. The court also weighed the attorneys' arguments, Nickerson's statement to the court, and a detailed letter Nickerson submitted before the sentencing hearing. Finally, the court recounted Nickerson's failure to take advantage of past opportunities to reform his behavior:

> I . . . note in the PSI report that there have been many instances of community intervention where . . . instead of putting you in prison society has tried to help you, tried to rehabilitate you, within the

> community. And that's what [your attorney] is suggesting that I do, is to keep you in the community and let us try some more.
>
> Obviously, it hasn't worked, because you have pled guilty to having a firearm in your possession as a convicted felon and to possessing for a second time a controlled substance. The bottom line is you don't get it.

It is apparent from this recitation that all of these considerations prompted the court to impose incarceration. Given the comprehensiveness of the district court's explanation, we find no abuse of discretion related to the imposition of incarceration.

But the court did not specify the reasons for ordering the sentences to run consecutively.[1] *See Hill*, 878 N.W.2d at 275 (requiring sentencing courts to "explicitly state the reasons for imposing a consecutive sentence"). Nickerson argues, and the State concedes, this omission necessitates a remand to the district court for resentencing. Because we may not assume the district court's rationale for imposing incarceration also applied to its decision to run the sentences consecutively, we vacate that portion of the sentencing order and remand to the district court for resentencing. On remand, the district court should determine whether Nickerson's sentences should run consecutively or concurrently and provide reasons for that determination.

**SENTENCES AFFIRMED IN PART, VACATED IN PART, AND REMANDED FOR RESENTENCING.**

---

[1] The district court entered judgment in this matter on November 23, 2015, before our supreme court issued its opinion in *Hill,* which changed the requirements for courts imposing consecutive terms. 878 N.W.2d at 275. Although the district court acted without the guidance of *Hill*, we find the rule of law announced in *Hill* applies to this case. *See id.* ("The rule of law announced in this case . . . shall be applicable to . . . those cases not finally resolved on direct appeal in which the defendant has raised the issue, and all future cases.").